## HALL v. JOHNSON.

1. DEED OF TRUST—CHATTEL MORTGAGE.

An instrument in form a deed of trust, embracing both real estate and personal property, in so far as it relates to the personal property constitutes a chattel mortgage.

2. CHATTEL MORTGAGES—POWER TO SELL VITIATES.

The reservation of authority to the mortgagor to sell a portion of the property included in a chattel mortgage, with power to devote the proceeds of such sale to his own use, renders the instrument void as to creditors of the mortgagor, notwithstanding possession of the chattels may have been taken by the mortgagee before a levy thereon in behalf of such creditors.

3. Replevin—Burden of Proof.

Where the plaintiff in replevin sets out in his complaint his title, the facts upon which his right of possession depends, and the defendant denies the same and attacks the validity of that title, proof of possession alone is not sufficient to warrant a recovery. The burden of proof is upon the plaintiff to establish his title.

### Appeal from the District Court of Park County.

This is an action for the recovery of the possession of specific personal property. The complaint bases the plaintiff's right of possession upon the existence of certain facts, which are with particularity set out in the complaint, and which are claimed to constitute ownership in the plaintiff.

The first defense of the answer is a general denial, and the second defense is a justification under an attachment writ. The case was tried to the court without a jury, partly upon an agreed statement of facts, and partly upon evidence introduced by both parties, from which and the pleadings it appears that The South Park Land and Cattle Company, a corporation, for the purpose of carrying on its operations, executed and negotiated a certain number of its bonds, payable in ten years, with interest payable semiannually, to secure which it executed its certain instrument of writing, called a "trust deed," to one Harding, as trustee, embracing both real and personal property, which instrument was recorded in the county where the principal office of the company was kept.

George Westlake became the *bona fide* holder and owner of thirteen of these bonds. The company defaulted in the payment of interest thereon, and in accordance with the provisions of the trust deed giving authority therefor, the trustee, upon the application of Westlake, proceeded to take possession of the personal property covered by the mortgage, and to advertise and sell the same in accordance with the provisions of the trust deed.

While the trustee was in such possession, taken under the trust deed and before the foreclosure sale, one Gumaer brought his action against the Cattle Company upon an in-

debtedness alleged to be due from it to him, and sued out a writ of attachment in aid thereof, which writ the sheriff, Hall (who is the appellant here), levied upon the said personal property and took the same into his possession. The trustee thereupon brought this action of replevin against the sheriff, and during the pendency of this action and before final judgment, the trustee sold the property under the forclosure of the trust deed to William E. Johnson, who thereupon was substituted as the plaintiff in this action in place of Harding, trustee.

The provisions of the trust deed with reference to the personal property are as follows :

" And also the entire herd of stock cattle and horses belonging to the said party of the first part and consisting of about seven thousand (7,000) head, branded with the I M on the left hip or side, now ranging in said Park, Chaffee and Fremont counties, Colorado ; the said party of the first part, however, reserving the right to sell or dispose of from said herd from time to time all beef and unproductive cattle and horses, but in no event to decrease the herd by any such sale or disposal to a less number than seven thousand.

" *Provided*, always, that until default shall be made in the payment of the principal or interest aforesaid, the party of the first part may remain in the possession of said premises and property and the proceeds thereof."

. Section 169 of the chattel mortgage act of 1883, General Statutes of Colorado, p. 160, is as follows :

" The provisions of this act shall be deemed to extend to all such bills of sale, deeds of trust, and other conveyances of personal property, as shall have the effect of a mortgage or lien upon such property."

The trial court found that the deed of trust was fair on its face, and executed and recorded according to law ; that the trustee, Harding, took possession of the personal property in dispute under the provisions of the trust deed, and the delivery thereof was a sufficient compliance with the chattel mortgage act and the statute of frauds relating to delivery and continuous possession.

Although the court found that the issue of the *bona fides* of the claim of Gumaer was raised by the pleadings and the evidence, yet it declined to pass upon this issue for the reason that its conclusion of law that the chattel mortgage was valid, and its finding of fact that the plaintiff's possession thereunder was prior to that of defendant, entitled the plaintiff to possession of the property irrespective of the merits of Gumaer's attachment.

The court, therefore, adjudged that the plaintiff was entitled to the possession of the property as against the defendant, and it is this judgment from which the defendant below has appealed.

Mr. CHARLES A. WILKIN, for appellant.

Mr. THOMAS MACON and Messrs. PATTERSON, RICHARDSON & HAWKINS, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

We are of the opinion that the trust deed to Harding, in so far as it relates to the personal property embraced therein, constitutes a chattel mortgage. We are also of opinion that the authority therein reserved to the mortgagor to sell and dispose of a portion of the property included in the mortgage, with the power to devote the proceeds of such sale to its own use, renders the instrument inconsistent with its being a security, and that therefore in law it is void and fraudulent as to creditors of the mortgagor, and that the requirement that the mortgagor shall keep the number of the herd of cattle and horses at not less than seven thousand does not affect this result. *Gallagher v. Rosenfield,* 47 Minn. 507.

The court of appeals, in the late case of *Roberts v. Johnson,* 5 Colo. App. 406, a case involving the construction of the same trust deed, held this instrument, as to the personal property covered by it, a chattel mortgage, and void as to

creditors. Without repeating the argument, we content our-
selves by citing this case with our approval of its reasoning
and conclusion, based, as it is, upon repeated decisions of this
court referred to in the opinion.

Such an instrument as this, however, may be good as be-
tween the parties, but void as to the creditors of the mort-
gagor. It is upon this theory that the plaintiff insists that as
the court below found that he had taken possession before
the levy of the writ of attachment, this possession was suffi-
cient to warrant a recovery, at least until a superior title
was established by the defendant.

The trial court, as we have said, made no finding of fact
upon the validity of the indebtedness upon which the Gu-
maer suit was founded. Shall we examine the evidence for
the purpose of determining this disputed question, or is
plaintiff in a position to demand that we shall make this in-
vestigation? Proof of naked possession in some cases is all
that a plaintiff in replevin need show. The possession being
presumed to be rightful and some evidence of ownership,
general or special, upon the proof thereof the plaintiff may
rest, and call upon the defendant to show a better title. But
where, as in the case at bar, the plaintiff sets out in full in
the complaint his title,—the facts upon which his right of
possession depends,—and the defendant denies the same and
directly attacks the validity of his title, the rule is that the
plaintiff must recover upon the strength of his own, and not
upon the weakness of his adversary's, title. Proof of posses-
sion in such a case is made only as a circumstance tending
to show title, and the question of title, and not mere posses-
sion, must govern, and the burden of proof is upon the plain-
tiff. Wells on Replevin, sec. 111; Cobbey on Replevin,
sec. 99, and cases cited.

Applying this rule to the facts of this case, the rights of
the plaintiff to the possession of this property must depend
upon the validity of this chattel mortgage. If it is void,
his possession thereunder gives him no right to recover as

against the defendant whose possession is by virtue of a writ of attachment regular on its face. This mortgage being void, as we have seen, it follows that the court below should have found for the defendant. The judgment of the court is therefore reversed, and the cause remanded.

*Reversed.*