## CHARLES B. WILSON *v.* HEINRICH M. VON HOLT.

## No. 1188.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

ARGUED MAY 25, 1920.                    DECIDED JUNE 15, 1920.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN
IN PLACE OF EDINGS, J., ABSENT.

EVIDENCE—*hearsay.*

In replevin where the defense is that the chattel was being
held as a pledge it does not violate the rule against admitting
hearsay testimony to permit the plaintiff to recount a conversa-
tion which he had with a third party and the alleged pledgee
explaining the delivery of the chattel.

TRIAL—*instructions to jury.*

All instructions given to the jury must be read together and
whatever may be lacking in one instruction may be supplied by
another.

OPINION OF THE COURT BY KEMP, J.

This suit was brought by the plaintiff Charles B.
Wilson against the defendant Heinrich M. von Holt to
replevin "one oil painting depicting the volcano of
Kilauea by moonlight by Tavenier." It is alleged in
substance that the plaintiff is the owner and entitled to
the possession of said painting; that the defendant un-
lawfully withholds said property from his possession to
his damage in the sum of $1500, the reasonable value
thereof, and that before the commencement of this action
the plaintiff demanded of the defendant in writing the
possession of said property which was refused. The
defendant answered by general denial and gave notice
that he would rely upon the statute of limitations.

Trial was had before a jury which rendered a verdict in favor of the plaintiff and the defendant brings exceptions.

Plaintiff produced sufficient evidence to warrant the jury in finding that he acquired title to the painting in question from one Barney Ordenstein in about 1890 and that he has not parted with the title then acquired; that he delivered said painting into the custody of Cecil Brown in 1897 or 1898 to sell and that the painting remained in Brown's possession for that purpose and for no other purpose until his death in 1917; that after the death of Cecil Brown and prior to the filing of this suit plaintiff demanded of the defendant Heinrich M. von Holt, who at that time had possession of the painting, that he (defendant) surrender possession of said painting to him (plaintiff) which was refused. The defendant produced evidence which tended to refute part of the case made by the plaintiff and to prove that Cecil Brown had had possession of said painting since about 1889; that he at first held it as security for a $3000 note and later claimed to own it. It was further shown by the evidence, and the court charged the jury at defendant's request, that defendant is the executor of and trustee under the will of Cecil Brown, deceased; that said estate has not been distributed and if said painting was the property of Cecil Brown at the time of his death or if Cecil Brown had a right to the possession of said painting as against the plaintiff as security for a loan or otherwise then the defendant would be entitled to the possession of said painting and the verdict should be in his favor. Plaintiff denied that Cecil Brown ever held his note for $3000 and denied that he ever agreed that the painting might be held as security for any indebtedness and testified that it was left in Brown's possession with the understanding, which Brown acknowledged as late as

1914, that it was being held for the purpose of sale and not as security for any debt.

The court gave all of the instructions requested by the defendant except one which was a request for a directed verdict in his favor. These instructions clearly and fairly submitted all of defendant's contentions to the jury, which found against him, and the verdict is amply supported by the evidence. If then there was no prejudicial error in the admission of evidence or instructions given at plaintiff's request, to which the defendant excepted, the exceptions must be overruled.

Plaintiff was permitted over defendant's objection to recount a conversation which he had with Tom James and Cecil Brown prior to the time the plaintiff says he let Brown have the painting. The painting was the subject of this conversation, which conversation was to the effect that James stated, "I see you have a picture," and requested plaintiff to let him take it to San Francisco where he believed he could sell it to the Bohemian Club in that city. Plaintiff testified that he hesitated about granting this request whereupon Brown volunteered the advice to let James take it and that he then acceded to James' request and instructed him to deliver the painting to Brown when he returned if he did not succeed in selling it. Plaintiff further testified that when James brought the painting back Brown said to him, "I am going up in a couple of weeks,—probably a month—to settle some hotel business in San Francisco. I will take it up and see what can be done with it—see if I can sell it," this last being in response to a question propounded to the plaintiff as to why he left the picture in Brown's possession from 1898 up to the time of his death. Defendant objected to the plaintiff being permitted to recount these conversations on the ground that they consisted of declarations in his own favor and are hearsay.

The objection was overruled and the defendant excepted. We think that these statements were merely a recounting of the circumstances under which Brown came into possession of the painting, the conversations being a part of the act of delivery of the painting into his possession, and are not, as argued by defendant, statements offered by plaintiff to prove his title. His title depended upon an entirely different state of facts testified to by plaintiff, which was practically, if not entirely, uncontroverted. If therefore the conversations were not strictly admissible the error in admitting them was harmless and not reversible error.

The defendant excepted to the giving of plaintiff's requested instructions Nos. 6, 11, 12 and 17. By instruction No. 6 the jury was told that before it could find that Cecil Brown, deceased, held the picture as a pledge for money that he had advanced to plaintiff it must find that the plaintiff agreed with said Cecil Brown that he (Cecil Brown) should hold the picture as security for the money and that if Mr. Brown obtained the picture for the purpose of selling it for plaintiff and then claimed to hold the same as security for plaintiff's indebtedness to him without the consent of plaintiff then it must find that the picture was not held by Cecil Brown during his lifetime as security for the payment of any money. Defendant's objection to this instruction is based on an extremely technical construction of the meaning of the phrase "and then claimed to hold the same as security for plaintiff's indebtedness," his argument being that under this instruction the claim of Brown that he held the painting as security must have arisen out of an agreement made at the time he secured possession of the picture and could not have arisen out of a subsequent agreement between him and the plaintiff. This construction we think is entirely unwarranted. The instruction contains

a single idea and that is that in order for the jury to find that Cecil Brown held the picture as security for a debt it must find that there had at some time been an agreement between him and the plaintiff to that effect. This is undoubtedly the law and the instruction was therefore proper.

The defendant criticizes instructions Nos. 11 and 12 because they do not set out that plaintiff must prove title as the basis of his right of possession and that they contain legal terms without definitions thereof and are therefore ambiguous and misleading, leaving questions of law to the jury. By instruction No. 11 the jury was told that if it believed from the evidence that plaintiff was entitled to possession of the painting and that defendant had it in his possession and that a demand had been made by plaintiff for its delivery, which was refused, to find for the plaintiff. In No. 12 it was told that in the absence of a possessory right shown to exist in another the general property in chattels draws to it the right of possession and that in such a case the plaintiff establishes his right to possession by showing a clear legal title; that title or complete ownership in plaintiff is not absolutely essential to the maintenance of the action, nor always sufficient, as the title may be in one person and the right to possession in another, and the right to possession controls. In other instructions the jury was told what facts would warrant its finding that the defendant had the right of possession even if it found that plaintiff owned the painting.

At the request of the defendant the jury was told that the plaintiff must recover, if at all, upon the strength of his own right of possession and not upon the weakness, if any, of the right of possession by the defendant; that where a chattel has been delivered as collateral security for a loan and the loan has not been paid said

chattel may not be recovered from the person holding the same though the statute of limitations has run against the debt; that if it should find from the evidence that the plaintiff became the owner of said painting and thereafter delivered it into the possession of Cecil Brown, who loaned money to him and held said painting with the consent of plaintiff as collateral security for said loan, then the verdict should be in favor of the defendant unless satisfied from the evidence that the debt for which said painting was held as security had been paid or otherwise discharged and that the mere fact that the books of Cecil Brown show that said indebtedness was written off and charged to the personal account of Cecil Brown or to profit and loss does not necessarily change the right of the defendant to the possession of the painting and that if it believed that said indebtedness existed as between the plaintiff and said Cecil Brown and that said picture was held as security therefor then the plaintiff cannot maintain this action without the payment of said indebtedness or the tender of the amount thereof to the said Cecil Brown or his legal representative.

It is a well recognized principle that all instructions given to the jury must be read together and whatever may be lacking in one instruction may be supplied by another. When the instructions given to the jury in this case are read in this manner we think that all the terms used by the court are easily understood.

In support of his contention that plaintiff having plead ownership must prove it and that the instruction to the effect that title or complete ownership in plaintiff is not essential is erroneous defendant relies upon *Hall* v. *Johnson*, 21 Colo. 414. From a careful reading of this decision we are unable to find anything in it inconsistent with the general rule which is correctly stated in the instruction. (34 Cyc. 1389.)

By instruction No. 17 the jury was told that if it believed from the evidence that Cecil Brown canceled all of the indebtedness of the plaintiff voluntarily before his death and thereafter held the picture merely for the purpose of selling it for plaintiff to find for the plaintiff. Under his exception to this instruction defendant contends that there is no evidence in the record on which to base this instruction and that the giving of an instruction based upon facts not in the record, even though such instruction is correct as an abstract proposition of law, is nevertheless reversible error. Conceding the correctness of the proposition of law contended for by the defendant we think the instruction was properly given for the reason that the very facts on which the instruction is based do appear in the record. The defendant has testified that Cecil Brown claimed to have been holding the picture as security for a three thousand dollar note. Another witness has testified that Mr. Brown had him charge off the plaintiff's account on his books and the plaintiff has testified that as late as 1914 Cecil Brown requested him to leave the picture in his possession a little while longer as he might at any time find a buyer for it. Under this state of testimony the jury might well have concluded that Cecil Brown did at one time hold the picture as security but had later released it and thereafter held it merely for the purpose of selling it for the plaintiff. The instruction is therefore not subject to the criticism made of it by the defendant.

The defendant further argues that the instruction contains a misstatement of the law and argues that even though the debt was canceled this would not release the picture which he contends was being held as security for the debt. Again conceding the correctness of defendant's contention as to the law we nevertheless hold the instruction as a whole correct. In all of his argument counsel

for defendant ignores the latter part of the instruction which required the jury before rendering a verdict for plaintiff to find that Cecil Brown after the cancelation of the indebtedness held the picture merely for the purpose of selling it for plaintiff.

Our final conclusion is that all of the issues involved in the case were fairly submitted to the jury and that the verdict is amply supported by evidence.

The exceptions are therefore overruled.

*W. B. Pittman* (*Andrews & Pittman* on the brief) for plaintiff.

*U. E. Wild* (*Frear, Prosser, Anderson & Marx* with him on the brief) for defendant.