**FONG v. JAMES W. GLOVER, Limited.**

No. 13432.

United States Court of Appeals
Ninth Circuit.

June 24, 1952.

---

2. See 183 F.2d 45, at page 50.

Fong, Miho, Choy & Chuck, Honolulu, Hawaii, for appellant.

J. Garner Anthony, Honolulu, Hawaii (Robertson, Castle & Anthony, Honolulu, Hawaii, of counsel), for appellee.

Before MATHEWS, BONE and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

From a judgment of the Supreme Court of the Territory of Hawaii[1] affirming a peremptory writ of mandamus issued by a circuit court of the Territory, appellant, Leon-

ard K. Fong, Auditor of the City and County of Honolulu, has appealed to this court.

The value in controversy exceeds $5,000, exclusive of interest and costs. This court, therefore, has jurisdiction of the appeal.[2]

Appellant took the appeal by filing a notice of appeal[3] on April 23, 1952. He also filed a petition for appeal and an assignment of errors, obtained an order allowing the appeal and caused a citation on appeal to be issued and served on appellee,[4] James W. Glover, Limited, apparently upon the theory that Rules 73–76 of the Federal Rules of Civil Procedure were not applicable to appeals from the Supreme Court of the Territory, and that therefore such appeals were governed by the old practice— the practice requiring petitions for appeal, assignments of errors, orders allowing appeal and citations on appeal.[5] We reject that theory. Although Rules 73–76 of the Federal Rules of Civil Procedure were not, by their own terms, made applicable to appeals from the Supreme Court of the Territory, they were adopted as part of our Rules on December 19, 1938, in and by, and to the extent indicated in, the following paragraph of our Rules (the paragraph immediately preceding our Rule 1):

> "The Federal Rules of Civil Procedure, whenever applicable, are hereby adopted as part of the Rules of this court with respect to appeals in actions of a civil nature."

As used in the above quoted paragraph, "applicable" means capable of being applied; "appeals" include appeals from the Supreme Court of the Territory; and "actions of a civil nature" include mandamus proceedings. Rules 73–76 of the Federal Rules of Civil Procedure are capable of being applied to appeals from the Supreme Court of the Territory in all actions of a civil nature, including mandamus proceedings. Therefore, in and by the above quoted paragraph, Rules 73–76 were adopted as

1. James W. Glover, Ltd. v. Fong, ⸺ Haw. ⸺.

2. See 28 U.S.C.A. §§ 1293, 1294(5).

3. See 28 U.S.C.A. § 2107 and subdivisions (a) and (b) of Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

4. The citation was signed on May 3, 1952,

and was made returnable 40 days from that day. Thus June 12, 1952, was designated as the return day.

5. Appeals to the Supreme Court of the United States are governed by the old practice. See Rules 9–11 of that court's Rules and Rule 72 of the Federal Rules of Civil Procedure.

712

part of our Rules with respect to such appeals. Such adoption was a valid exercise of our rule-making power under 28 U.S. C.A. § 2071.[6] Therefore appellant's appeal was and is governed, not by the old practice, but by Rules 73–76.

Under Rules 73–76, petitions for appeal, assignments of errors, orders allowing appeal and citations on appeal are unnecessary. Appellant could and did take his appeal by filing a notice of appeal.[7] However, to secure a review of the judgment appealed from, appellant was required to take further steps, including those specified in subdivision (g) of Rule 73. Thus appellant was required to file or cause to be filed with this court a record on appeal and to docket the appeal or cause it to be docketed in this court within the 40-day period prescribed in subdivision (g) or a valid extension thereof. There was no extension of the 40-day period. Appellant did not file or cause to be filed a record on appeal or docket the appeal or cause it to be docketed within the 40-day period or at all.[8]

After the 40-day period expired, appellee caused the appeal to be docketed and has moved to dismiss it because of appellant's failure to comply with subdivision (g) of Rule 73. No valid excuse for the failure is shown. The failure does not affect the validity of the appeal, but (no remedy being provided in Rule 73) is ground for such action as we deem appropriate, which may include dismissal of the appeal.[9] The action we deem appropriate is dismissal of the appeal.[10]

Appeal dismissed.

6. Cf. United States v. Cia Luz Stearica, 9 Cir., 181 F.2d 695.

7. See subdivisions (a) and (b) of Rule 73.

8. Under the old practice—the practice governing appeals to the Supreme Court of the United States—appellant would have been required to file a record on appeal and docket the appeal within the 40-day period prescribed in the citation or a valid extension thereof. See Rules 10 and 11 of the Rules of the Supreme Court of the United States, 28 U.S.C.A. There was no extension of that period. Appellant did not file a record on appeal or docket the appeal within that period or at all.

9. See subdivision (a) of Rule 73. Under the old practice, appellee could have docketed the appeal and had it dismissed because of appellant's failure to file a record on appeal and docket the appeal within the 40-day period prescribed in the citation. See Rule 11 of the Rules of the Supreme Court of the United States.

10. Cf. United States v. Gallagher, 9 Cir., 151 F.2d 556; Tucker Products Corp. v. Helms, 9 Cir., 171 F.2d 126; United States v. Stanton, 9 Cir., 172 F.2d 642; United States v. Krause, 9 Cir., 197 F. 2d 329.