## UNITED STATES v. TAMOTSU FUJISAKI et al.

No. 13398.

United States Court of Appeals Ninth Circuit.

Aug. 25, 1952.

A. William Barlow, U. S. Atty., Nat Richardson, Jr., Asst. U. S. Atty., Honolulu, T. H., for appellant.

Shiro Kashiwa, Honolulu, T. H., Mas. Yonemura, Oakland, Cal., for appellees.

Before MATHEWS, BONE and ORR, Circuit Judges.

PER CURIAM.

█ From a judgment in a proceeding for forfeiture of property for violation of a statute of the United States, appellant appealed to this court on January 14, 1952. Appeals in such proceedings are governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. See paragraph (2) of subdivision (a) of Rule 81 of the Federal Rules of Civil Procedure. Therefore appellant could and did appeal from the judgment in this proceeding by filing a notice of appeal pursuant to subdivisions (a) and (b) of Rule 73 of the Federal Rules of Civil Procedure.

However, to secure a review of the judgment, appellant was required, among other things, to comply with subdivision (g) of Rule 73; which is to say, appellant was required to file or cause to be filed with this court a record on appeal and to docket the appeal or cause it to be docketed in this court within the 40-day period specified in subdivision (g) or a valid extension thereof. There was no extension of the 40-day period. Appellant did not file or cause to be filed a record on appeal or docket the appeal or cause it to be docketed until May 26, 1952—35 days after the expiration of the 40-day period. Thus appellant failed to comply with subdivision (g).

Appellees have moved to dismiss the appeal because of appellant's failure to comply with subdivision (g). No valid excuse for the failure is shown. The failure does not affect the validity of the appeal, but (no remedy being provided in Rule 73) is ground for such action as we deem appropriate, which may include dismissal of the appeal. See subdivision (a) of Rule 73. The action we deem appropriate is dismissal of the appeal. Cf. United States v. Gallagher, 9 Cir., 151 F.2d 556; Tucker Products Corp. v. Helms, 9 Cir., 171 F.2d 126; United States v. Stanton, 9 Cir., 172 F.2d 642; United States v. Krause, 9 Cir., 197 F.2d 329; Fong v. James W. Glover, Ltd., 9 Cir., 197 F.2d 710.

Appeal dismissed.