William G. MEAGHER and Industrial
Development, Appellants,

v.

EASTERN IRON AND METAL CO., Ltd.,
and H. C. Patterson and Patterson
Construction Co., Ltd., Appellees.

EASTERN IRON AND METAL CO.,
Ltd., Cross-Appellant,

v.

William G. MEAGHER, Industrial Devel-
opment and H. C. Patterson and Patter-
son Construction Co., Ltd., Cross-Ap-
pellees.

No. 13556.

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1955.

Rehearing Denied Oct. 10, 1955.

**842**

Caspar W. Weinberger, Lloyd W. Dinkelspiel, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., Bernard H. Levinson, Levinson & Cobb, Honolulu, Hawaii, for appellants, and cross-appellees.

Samuel Sherwood, A. Joseph Sherwood, Beverly Hills, Cal., for appellees, and cross-appellant.

Before DENMAN, Chief Judge, and ORR and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

Three appeals were submitted for our consideration.

I. Meagher and Industrial Development, hereafter Meagher, appeal from a decree of the Supreme Court for the Territory of Hawaii. That court reversed a decree of the Circuit Court of the First Judicial Circuit which dismissed the petition of Eastern Iron and Metal Co., hereafter Metal Co., for a constructive trust and other equitable relief against Meagher, Patterson Construction Co., Ltd., hereafter Patterson Co., and H. E. Patterson.

The relief sought by Metal Co. was based upon allegations of the fraudulent conduct of Meagher, Patterson and Patterson Co., in disposing of certain scrap iron to other persons, which the Patterson Co. had agreed to sell to Metal Co. Patterson Co. is insolvent and Patterson is alleged to have controlled it in its alleged wrongful conduct.

The Circuit Court, on conflicting testimony, some viva voce, made its findings that none of the charged parties had acted fraudulently and dismissed the petition. The Supreme Court treated the appeal as a trial de novo, which is its admitted power in equity cases, and set aside the Circuit Court's findings of absence of fraud, made its findings of fraud participated in by Meagher, Patterson and Patterson Co. and returned the case to the Circuit Court to determine the damages.

One of the questions before us is whether the Supreme Court had the legal power so to disregard the Circuit Court's findings and substitute its own. This is a question of law upon which the Hawaiian Supreme Court can be reversed only if its decision is "manifestly erroneous," the United States Supreme Court so holding in Waialua Agricultural Co. v. Christian, 305 U.S. 91, 59 S.Ct. 21, 83 L.Ed. 60.

Appellants claim first that it was manifest error for the Hawaiian Supreme Court to overturn the findings of the trial court since the evidence was based on conflicting testimony. Appellants concede that the Supreme Court had *power* to make new findings on an appeal in equity under Hawaiian practice, but contend that it was manifest error to overturn the findings without giving due deference and weight to the trial court's opportunity to see and hear witnesses. The opinion of the Supreme Court contains no reference to the trial court's findings and in a later opinion, hereafter considered, the early opinion is explained as follows: "That decree was completely reversed by this court. But there is nothing in this court's prior opinion that could be construed as reversing such decree for any error of trial. On the contrary, the reversal per-

tained to findings of fact and conclusions of law made in the decree after the close of trial." This does not establish that the court gave *no* weight to the opportunity of the trial judge to see and hear witnesses, nor can we assume it did give it full weight in reversing.

Even assuming that such weight was not given and that prior Hawaiian decisions required it, we cannot say that the Supreme Court lacks the power to overrule its prior decisions in the local law of procedure.

There is no merit in appellants' contention that Federal Rule 52(a), 28 U.S.C.A., is here relevant. The Federal Rules of Civil Procedure govern only United States District Courts. F.R.C.P. rule 1. They do not apply to the Hawaiian Territorial Courts and have not been made applicable to appeals to the Supreme Court of Hawaii by its legislature. Fong v. James W. Glover, 9 Cir., 197 F.2d 710 holds no more than that the rules apply as to the method of taking an appeal *from* the Hawaiian Supreme Court *to* this court. We affirm the decision in this appeal.

II. Meagher and Industrial Development appeal from an order of the Supreme Court, denying their motion for a new trial by that court upon which it would take further evidence, or remand the case to the Circuit Court for that purpose, on the ground of newly discovered evidence.

Part of the claimed newly discovered evidence is stated in an affidavit of Patterson, who testified at the trial that he had participated in the fraud on Metal Co. In the affidavit Patterson denied that any fraud had been perpetrated on Metal Co. He claimed he and Metal Co. had committed fraud upon Meagher and Industrial Development Co., which he concealed at the trial in the Circuit Court, which fraud would tend to show that Meagher and the Development Co. were not liable for the judgment against them.

The Supreme Court held that it would not believe Patterson's statements of his second fraud and denied consideration of this affidavit. We can see no manifest error of the Supreme Court in so acting.

The other claimed newly discovered evidence is the affidavit of one Levinson to the effect that he heard Caplan, Hawaiian agent of Metal Co., say to Rosenthal, its president, that there were not 1,500 tons of scrap iron in the entire Hawaiian Islands, thus tending to show that Metal Co. was not defrauded. Caplan declined to sign an affidavit embodying what Levinson claimed he heard him say. Levinson's alleged interview with Caplan was on August 22, 1952. Four years before at the trial of the case in the Circuit Court Caplan was examined and cross-examined at length as to the amount of scrap on the Hawaiian Islands and described actual scrap transactions exceeding the 1,500 tons. We can find no abuse of discretion, much less manifest error, in the refusal of the Supreme Court to consider this hearsay affidavit as warranting a new trial.

The appeal from the order denying a new trial is affirmed.

III. (a) Metal Co. appeals from a decree of the Supreme Court refusing it further relief above the $35,000 judgment in its favor.

In reversing the Circuit Court the Supreme Court returned the case to the Circuit Court to determine the amount of damage Metal Co. had sustained. Metal Co. moved for a partial decree for the $35,000 reserving the right at later proceedings to claim additional monetary damages and relief and the Circuit Court so acted.

Meagher, Patterson, Patterson Co. and Industrial Development appealed and the Supreme Court sustained the judgment for $35,000 but held that Metal Co. was entitled to no further relief.

Metal Co. contends that the Supreme Court's remanding order permitted the ascertainment of additional damages. The Supreme Court's opinion analyzed the proceedings up to the remand and its mandate and held the latter entitled Metal Co. to the $35,000 and that the Cir-

cuit Court had no power to entertain further proceedings. We cannot say that there is manifest error in the Supreme Court's interpretation of its mandate and affirm the judgment in this appeal.

 (b) Meagher and Industrial Development appeal from the second decree of the Supreme Court affirming the decision of the Circuit Court on its remanded hearing awarding to Metal Co. damages against them. It contends that the original trial was not on the merits of the question of damages and hence the trial on remand had the same character.

This contention is contrary to the stipulation of appellants, whose counsel stated:

"We would have no objection to the Court entering *its final decree* and the Court incorporating in that decree a finding that the respondents are entitled to damages on the injunction bond but leaving the actual computation and assessment of those damages until the case had been remanded from the Supreme Court; and if the appeal is unsuccessful, the damages would then be determined. [Emphasis added.]"

This stipulation was concurred in by Eastern and accepted by the court, the decree, while a final determination of the case on the merits, being denominated "interlocutory" because of this reservation of jurisdiction.

Appellants' understanding that the trial was on the merits is further shown by the following statement made by its own counsel at the trial:

"Mr. Russell: As I understand it, the decree, as finally drawn, will incorporate in it the dissolution of the temporary injunction *as well as the determination of the case on its merits.*

"The Court: Yes * * * [Emphasis added.]"

That this was the understanding of Eastern as well is shown by the following statement from the transcript:

"Mr. Berman (co-counsel for Eastern at the trial): In other words, this is being treated in the eyes of the Court as an actual hearing on the merits?

"The Court: Yes. As well as on the motion. That was all gone into."

The decision of the Supreme Court is affirmed in this appeal.