Joseph M. BRENNAN, Appellant,

v.

W. A. WILLS, Ltd.; W. A. Wills; Herman Speken; William Greenberg; Herbert F. Korholz; Speken Wrecking Co.; Rock Wool Insulating Company, a Colorado corporation; and M.P.M. Investment Company, a Delaware corporation, Appellees.

No. 5827.

United States Court of Appeals
Tenth Circuit.

Jan. 5, 1959.

Rehearing Denied Feb. 6, 1959.

Joseph M. Brennan pro se.

V. G. Seavy, Pueblo, Colo. (Seavy & Seavy, Pueblo, Colo., was with him on the brief), for appellees.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

Joseph M. Brennan instituted this action in replevin to recover possession of fifty shares of corporate stock issued by Rock Wool Insulating Company to Earl P. Melia. In the third amended complaint Rock Wool Insulating Company, W. A. Wills, Ltd., Speken Wrecking Co., M. P. M. Investing Company, W. A. Wills, Herman Speken, William Greenberg, and Herbert F. Korholz, were joined as defendants. While not pleaded in conventional manner, it is fairly apparent from the face of the pleading considered as a whole that jurisdiction of the action was predicated upon diversity of citizenship with the requisite amount in controversy. It was pleaded that plaintiff acquired his right to the stock by assignment from Melia. Judgment was entered dismissing the action upon the ground that the third amended complaint failed to show compliance with the statutes of Colorado necessary to transfer to plaintiff title to the shares of stock and that plaintiff had no title thereto.

■■ It is the general rule in Colorado that replevin is a possessory action in which plaintiff must rely upon his own title or right of possession and not upon any defect or weakness in the position of the defendant respecting title or right of possession. Hall v. Johnson, 21 Colo. 414, 42 P. 660; Kelly v. Lewis, 38 Colo. 18, 88 P. 388; Illinois Building Co. v. Patterson, 91 Colo. 391, 15 P.2d 699; Barslund v. Anderson, 106 Colo. 238, 103 P.2d 23. And the controlling issue in replevin is the right to immediate possession of the property at the time of the institution of the action. Brown v. Driverless Car Co., 86 Colo. 216, 280. P. 488.

■ It is provided by statute in Colorado, C.R.S.1953, 31–9–1, that title to a certificate and to the shares of stock represented thereby can be transferred only by delivery of the certificate endorsed either in blank or to a specified person by the person appearing in the certificate to be the owner of such stock, or by delivery of the certificate and a separate written assignment of the certificate or a power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. And it is further provided by statute in that state, C.R.S.1953, 31–9–10, that an attempted transfer of title to a certificate of stock or to the shares represented thereby without delivery of such certificate shall have the effect of a promise to transfer; and that the obligation, if any, imposed by such promise shall be determined by the law governing the formation and performance of contracts. When these statutes are considered together, it is clear that in Colorado legal title to shares of stock issued by a corporation organized under the law of that state can be effectively transferred in only one or the other of two methods. One method is by delivery of the certificate with an endorsement thereon in blank or to a specified person, signed by the person appearing in the certificate to be the owner thereof. The other is by delivery of the certificate and a separate document containing a written assignment or a power of attorney to sell, assign, or transfer the same, signed by the person appearing in the certificate to be the owner of the stock. These methods are exclusive, and any attempt to transfer stock without delivery of the certificate does not have the effect of passing title but merely constitutes a promise to transfer. Johnson v. Johnson, 300 Mass. 24, 13 N.E.2d 788; Knight v. Shutz, 141 Ohio St. 267, 47 N. E.2d 886, 150 A.L.R. 138; Manna v. Pirozzi, 44 N.J.Super. 227, 130 A.2d 55; Hardy v. Musicraft Records, 93 Cal.App. 2d 698, 209 P.2d 839.

■ Manifestly drawn without the aid of an attorney, the third amended

complaint contained many allegations not ordinarily found in the complaint in a conventional action to replevin stock. Certain allegations were contained in the pleading respecting the relationship of employer and employee existing between the defendant Rock Wool Insulating Company and Melia; respecting coercive methods used to compel Melia to absent himself from a certain meeting of the directors of the defendant Rock Wool Insulating Company; respecting coercive methods employed to compel Melia to execute and deliver his resignation as director of such corporation; respecting fraudulent methods and means through which the defendant Korholz obtained control of the defendant Rock Wool Insulating Company and mismanaged its affairs; and respecting the fraudulent exploitation of the assets and earnings of the defendant Rock Wool Insulating Company. Stripped of all allegations of such nature, it was pleaded that certificate No. 46 for fifty shares of capital stock of the defendant Rock Wool Insulating Company was issued to Melia; that Melia and his wife obtained a loan of $1200 from the defendant W. A. Wills, Ltd., and pledged the stock as security therefor; that the stock was pledged without any right or grant from Melia to any of the defendants to transfer title to any other party or parties on the books of the corporation; that Melia offered to repay to the defendant W. A. Wills, Ltd., the loan of $1200 with accrued interest; that Melia was advised that the stock had been transferred to the defendant Korholz; that the defendant Korholz advised Melia that the stock had been delivered to the defendant Speken; that the defendant Speken advised Melia that he would carry the loan indefinitely if the interest were paid as it accrued for each period of six months; that thereupon Melia paid to the defendant Speken the interest due for the first six months, and continued to pay such interest thereafter; that on a certain date Melia tendered $1200 in cash to the defendant Speken and demanded delivery of the stock; that Speken refused to accept the tender; that Melia mailed to the defendant Speken a check for $1224 bearing the inscription "Payment in full for loan of my $1,200.00 on pledged stock certificate No. 46 registered in my name * * *"; and that such check was received and remained in the possession of the defendant Speken. It was further pleaded that Melia and his wife sold, assigned, and transferred the stock to plaintiff by means of a separate instrument in writing not endorsed upon or attached to the certificate; and that such stock was not delivered to plaintiff for the reason that some of the defendants—the one or ones not being known to plaintiff—possessed and retained it. And it was further pleaded that plaintiff advised the defendants by registered mail of the sale and assignment of the stock to him and demanded that a time and place be designated at which he could tender and make payment of the loan and have the stock delivered to him; that the defendants failed, neglected, and refused to make reply to such notice and demand; that plaintiff notified the defendants that the sum of $1,200 was being held by the collection department of a named bank in Denver, Colorado, with directions to pay it to the party who should make delivery and surrender of the stock to the bank; that plaintiff had always been ready, able, and willing to repay the loan; and that plaintiff "now brings said tender into court ready to be paid to said defendant * * *". The assignment from Melia and wife to appellant without delivery of the certificate did not have the effect of vesting in appellant title or ownership of the shares of stock. It merely constituted a promise to transfer the stock; and the obligation, if any, imposed by such promise is to be determined by the law governing the formation and performance of contracts. But this is not an action between appellant and Melia and his wife for the enforcement as between them of rights under such an obligation. It is an action in replevin to obtain the immediate possession of the stock from the party or parties appellee who holds or hold it as a pledge for the unpaid note of Melia and his wife. And having nothing more

than an obligation to transfer the stock to him, appellant cannot maintain such an action in replevin to obtain its immediate possession.

The judgment is

Affirmed.

HUXMAN, Circuit Judge (dissenting).

I fail to see where the title to stock or the transfer of title under 'the Colorado Certificate Stock Transfer Act, set out in the majority opinion, is a factor in this case. This is not a case involving the title or ownership of the 50 shares of stock represented by Certificate Number 46. In his prayer plaintiff prays, "that he have and recover possession of said certificate of stock No. 46." It is true that in addition he prays that "the right and title to said stock ownership be declared to rest in plaintiff." It is axiomatic that the prayer forms no part of the cause of action and that a plaintiff will be awarded such relief as is warranted by the complaint. Plaintiff was not entitled to have judgment declaring him to be the owner of this stock but if he could establish the allegations of his complaint, set out therein, he was entitled to have judgment for the possession of Stock Certificate Number 46.

This is strictly a replevin action in which the plaintiff seeks to recover a specific piece of paper, towit: Stock Certificate Number 46. The complaint is inartistically drawn, but stripped of its verbiage it is clear that plaintiff seeks to recover a specific stock certificate. All that is necessary for him to allege or to establish in order to prevail is that he is entitled to the possession of the stock certificate, that it is unlawfully withheld from him, that demand has been made for its surrender, and that compliance with such demand has been refused, and this the petition does. Thus it is alleged that, "Defendants are now in possession of certificate of stock No. 46, representing ownership of fifty shares of capital stock in Rock Wool Insulating Company, a Colorado corporation. * * *. Plaintiff is unable to state which one or ones of said defendants now wrongfully possess and withhold said certificate of stock No. 46, to which plaintiff has the immediate right of possession by virtue of a duly executed assignment of said certificate of stock No. 46 * * *." It alleges that the stock certificate has been pledged with the defendants and could not be delivered to him "for the reason that some of said defendants, as above alleged, wrongfully and unlawfully possess and forcibly retain same and upon good tender and demand, as herein alleged, have failed and refused to deliver said certificate of stock No. 46 to plaintiff. * * * and by such acts and conduct of defendants, and each of them, plaintiff is unable to obtain possession of such stock certificate No. 46, to which he is lawfully entitled. * * *"

While the authorities hold that the title or ownership of shares of stock represented by a stock certificate may not be raised in a replevin action, they do hold, so far as I can find, without exception, that the right to recover a specific stock certificate is a proper subject for such an action.

46 Am.Jur., Replevin, § 22 states, "Replevin, or equitable replevin, may be maintained for a certificate of stock, where the object is to regain possession of the specific paper, and not to test the right to the property which it represents." In Somerville National Bank v. Hornblower, 293 Mass. 363, 199 N.E. 918, 920, 104 A.L.R. 1107, while the court held that stock in a corporation could not be recovered by replevin, it did hold that a specific stock certificate could be so recovered. The Court said, "Replevin, or equitable replevin, may be maintained for a certificate of stock." In Campbell v. Brooks, 93 Miss. 853, 47 So. 545, 546, 20 L.R.A.,N.S., 507, the court recognized "that 'a writ of replevin will lie for the recovery either of deeds or certificates of stock, where the object is to regain possession of the specific paper, and not to test the right to the property which it represents.'" In Bush v. Hillman Land Co., 22 Del.Ch. 374, 2 A.2d 133, the court held that re-

plevin would lie to recover a specific stock certificate.

It may well be that upon a trial of the issue, plaintiff may fail to establish that he is entitled to the possession of this stock certificate but that can only be determined after a trial upon the merits. In my opinion, the complaint stated a cause of action and the trial court erred in dismissing the complaint.

I would Reverse and Remand for a trial on the merits.