293 F.2d 751
 Joseph M. BRENNAN, Appellant,
v.
Herbert F. KORHOLZ, Rock Wool Insulating Company, a Colorado
corporation, M.P.M. Investment Co., a Delaware
corporation, Reconstruction Finance
Corporation, a United States
corporation, Appellees.
Joseph M. BRENNAN, Appellant,
v.
Rolland N. USHER, The Citizens State Bank of Cortez, a
Colorado corporation, Minnequa Bank of Pueblo, a Colorado
corporation, William L. White, Rock Wool Insulating Company,
a Colorado corporation, Herbert F. Korholz, and M.P.M.
Investment Company, a Delaware corporation, Appellees.
Joseph M. BRENNAN, Appellant,
v.
Arthur ALLEN, Herbert F. Korholz, Rock Wool Insulating
Company, a Colorado corporation, M.P.M. Investment
Company, a Delaware corporation, Appellees.
Joseph M. BRENNAN, Appellant,
v.
W. A. WILLS, Ltd., W. A. Wills, Herman Speken, Speken
Wrecking Company, William Greenberg, Herbert F. Korholz,
Rock Wool Insulating Company, a Colorado corporation, M.P.M.
Investment Company, a Delaware corporation, Appellees.
 Nos. 6631-6634.
 United States Court of Appeals Tenth Circuit.
 July 26, 1961, Rehearing Denied Aug. 26, 1961.
 
 Joseph M. Brennan pro se.
 Charles E. Grover, of Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo. (Donald G. Brotzman, U.S. Atty., D. L. Giacomini, Asst. U.S. Atty., Denver, Colo., Julian P. Hancock, of Garrison, Dilts & Hancock, Cortez, Colo., Robert W. Bartley, of Bartley & Jagger, and Walter J. Predovich, of Predovich & Ward, Pueblo, Colo., were with him on the briefs), for appellees.
 Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In each instance of the four cases here consolidated, appellant Joseph M. Brennan holds an assignment from the record owners of stock in Rock Wool insulating Company. In each instance the record owner had pledged the stocl and delivered the stock certificate to the pledgee; the pledgee is named as a party defendant along with other parties who have allegedly prevented the return of the pledged stock. In no case is the pledgor joined. Case No. 6634 has been litigated before, Brennan v. W. A. Wills, Ltd., et al., 10 Cir., 263 F.2d 1, certiorari denied 360 U.S. 902, 79 S.Ct. 1284, 13 L.Ed.2d 1254, and the facts alleged in that case appear more fully therein.
 
 
 2
 Appellant, unrepresented by counsel, seeks to avoid the bar of res judicata by adopting the view of the dissent in that case and urging that although he is not entitled to have ownership of the stock declared in him by virtue of this action he is still entitled to possession of the stock and may claim it without joining his assignor.
 
 
 3
 Our earlier decision interpreted the law in Colorado, which has adopted the Uniform Stock Transfer Act, as requiring the delivery of the certificate to effect a transfer of title, C.R.S.1953, 3u-9-1. Appellant's contention that he owns equitable title in the stock under C.R.S. 1953, 31-9-10, is ineffective to raise a legal question in this instance since he has not brought suit against his assignor to enforce the promise to transfer.
 
 
 4
 The ruling of this case covers all of the cases here consolidated and precludes appellant from relief under each fact situation alleged. The trial court correctly dismissed the suits as demonstrating no cause of action.
 
 
 5
 Affirmed.