**Joseph M. BRENNAN, Appellant,**

**v.**

**UNITED STATES GYPSUM COMPANY, an Illinois corporation, Appellee.**

**No. 7571.**

United States Court of Appeals
Tenth Circuit.

April 10, 1964.

Joseph M Brennan, pro se.

Arthur B. Seibold, Jr., Chicago, Ill. (William G. Edwards, Denver, Colo., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellee United States Gypsum Company (Gypsum) has filed a motion under Rule 75(j), F.R.Civ.P., to docket and dismiss the appeal as to it. The suit was brought by Gypsum against Rock Wool

Insulating Company and four others to recover damages for patent infringement and resulted in a judgment for Gypsum [1] which has been satisfied. Appellant Brennan intervened in the patent suit. The trial court said that Brennan's interest was "that of a stockholder of Rock Wool Insulating Company, who is attempting to ascertain the state of affairs of said company." [2] The issues raised by the intervention were tried separately and decided against Brennan.

Judgment on the patent issues was entered September 23, 1963, and on the intervention issues, October 14, 1963. Brennan's notice of appeal purported to go to each judgment and was received by the Clerk of the District Court on October 22, 1963, within the 30-day period provided by 28 U.S.C. § 2107. The filing fee required by 28 U.S.C. § 1917 was not paid until November 4, 1963. Untimely payment of the fee did not vitiate the validity of the notice of appeal. [3]

Rule 73(g), F.R.Civ.P., requires that the record on appeal be filed in the appellate court within 40 days from the filing of the notice of appeal. This was not done and no extension of time was granted by the trial court or by this court. [4] Although the record has now been lodged with the Clerk of the Court of Appeals, the $25 docket fee required by the court's Rule 15(6) has not been paid. The cost bond does not name Gypsum as an obligee.

These failures do not deprive the court of jurisdiction but they are grounds for such action as the court deems appropriate. [5]

Brennan makes no adequate explanation of his disregard of the rules. His controversy is with the defendants who were sued by Gypsum. A consideration of the record convinces us that his nebulous claims against Gypsum are entirely frivolous. In the circumstances the proper exercise of our discretionary powers requires that the motion to docket and dismiss be granted.

The appeal is dismissed as to United States Gypsum Company.

---

1. See United States Gypsum Company v. Rock Wool Insulating Company, D.C. Colo., 212 F.Supp. 1.

2. Id. at 2.

3. Parissi v. Telechron, Inc., 349 U.S. 46, 47, 75 S.Ct. 577, 99 L.Ed. 867.

4. The trial court entered an order extending until December 20, 1963, the time for designating the record on appeal.

Neither this order nor any other order extended the time for filing the record in the appellate court.

5. United States v. Tamotsu Fujisaki, 9 Cir., 198 F.2d 747, 748; see also Lopata v. Handler, 10 Cir., 121 F.2d 938, 940, and McBee v. United States, 10 Cir., 126 F.2d 238, certiorari denied 317 U.S. 691, 63 S.Ct. 263, 87 L.Ed. 554.