Joseph M. BRENNAN, Appellant,

v.

ROCK WOOL INSULATING COMPANY, a corporation, MPM Investment Company, a corporation, Better Industries, Inc., a corporation, Herbert F. Korholz, and American Gypsum Company, a corporation, Appellees.

No. 7752.

United States Court of Appeals Tenth Circuit.

Oct. 13, 1964.

Rehearing Denied Nov. 25, 1964.

Joseph M. Brennan pro se.

C. E. Eckerman, of Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for appellees.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellees have moved to dismiss the appeal. The suit was brought by United States Gypsum Company against Rock Wool Insulating Company and others to recover damages for patent infringement. Brennan intervened and asserted claims against the defendants regarding his status as a director, officer and stockholder of Rock Wool and asserting mismanagement of Rock Wool. The issues raised by the complaint and by the intervention were tried separately. Gypsum prevailed in the patent infringement issue and recovered a judgment which has been satisfied. The issues raised by

Brennan's intervention were decided against him. Heretofore we have dismissed the appeal as to Gypsum. See Brennan v. United States Gypsum Company, 10 Cir., 330 F.2d 728.

■ Dismissal is sought because of procedural defects in the appellate proceedings. Among other things these relate to the failure to docket within the required time and to the insufficiency of the statement of points on which the appellant seeks to rely on the appeal. See Rules 73(a) and 75(d), F.R.Civ.P. Although these faults do not deprive the court of jurisdiction, they are grounds for such action as the court deems appropriate.[1]

This suit is but another chapter in the litigation brought, or participated in, by Brennan over a 10-year period with regard to the affairs of Rock Wool. Twice Brennan has been denied relief in this court. In Brennan v. W. A. Wills, Ltd., 10 Cir., 263 F.2d 1, certiorari denied 360 U.S. 902, 79 S.Ct. 1284, 3 L.Ed.2d 1254, we affirmed a judgment denying Brennan the right to recover certain Rock Wool stock. Later we considered four consolidated appeals, reported as Brennan v. Korholz, 10 Cir., 293 F.2d 751, and upheld the trial court's dismissal of actions in which Brennan sought to secure possession of Rock Wool stock. In the instant case the trial court in its findings of fact said that Brennan had also litigated these issues in two other federal court suits and in five suits in the Colorado state courts.

■ The designation of points upon which the appellant says that he intends to rely does no more than reargue the oft-litigated question of his rights as a director, officer, and stockholder of Rock Wool. The requirements of Rule 75(d) are not satisfied. With due regard for the care which we must exercise when a layman represents himself we have read the transcript of record. The propriety of permitting the intervention in the patent infringement case is doubtful; but,

after permitting such intervention, the trial court heard the presentation of the appellant with commendable patience and restraint before holding that the issues had all been decided in the cases mentioned above.

Litigation must end sometime. The continued efforts of the appellant to litigate the oft-decided issues are nothing more than blind persistence. We are convinced that the designation of points presents no new and undetermined issue going to the merits of appellant's claim. Further consideration of the appeal is unnecessary.

The motion to dismiss the appeal is granted and the appeal is dismissed.

---

1. See Brennan v. United States Gypsum Company, 10 Cir., 330 F.2d 728, 729, and cases cited in footnote 5.