Joseph M. BRENNAN, Plaintiff-Appellant,

v.

Bertha E. SELLERS, Defendant-Appellee.

No. 8242.

United States Court of Appeals Tenth Circuit.

Feb. 1, 1966.

Rehearing Denied March 25, 1966.

rado directing a judgment notwithstanding the verdict under Rule 50(b), Fed. R.Civ.P. Appellant, by complaint prepared and filed pro se, had sought in a diversity action to recover from appellee-defendant the physical possession of stock certificate No. 1, representing 253 shares of the Rock Wool Insulating Company, a Colorado corporation,[1] upon allegation that he had purchased such shares from appellee in 1954, that such certificate had been delivered to him, that appellee had later surreptitiously regained possession and had continued to withhold possession of the stock notwithstanding demand. In a second alleged cause of action appellant asserted that appellee's acts had damaged appellant in his capacity as an officer and stockholder of Rock Wool to the extent of $10,000.

Although appellant was then represented by counsel, the trial proceeded with great difficulty and the record reveals a complete failure of proof upon appellant's specific claims. The undisputed evidence indicated that appellee had neither actual nor constructive possession of the subject stock certificate at the time the action was commenced, a prerequisite under Colorado law in an action in the nature of replevin. Colorado R.Civ.P. 104. Cf. Brennan v. W. A. Wills, Ltd, 10 Cir., 263 F.2d 1, cert. denied, 360 U.S. 902, 79 S.Ct. 1284, 3 L.Ed.2d 1254. Appellant's second claim was totally unsupported by evidence. The case was, however, submitted to a jury upon a then urged theory of conversion and resulted in a verdict favoring appellant. The verdict was subsequently set aside upon the ground that appellant had not shown any consideration as a premise to his claimed stock purchase.

The verdict of the jury was properly set aside and the judgment is affirmed. When pressed several times by both court and counsel to state what consideration moved from him to appellee

---

Joseph M. Brennan, pro se.

Robert W. Baker, Denver, Colo. (E. Michael Canges, Denver, Colo., was with him on the brief) for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken by the appellant-plaintiff, pro se, from an order of the District Court for the District of Colo-

---

1. This controversy relates to extended litigation brought by Mr. Brennan concerning the ownership of Rock Wool Insulating Co. stock. For other cases decided by this court see Brennan v. Rock Wool Insulating Co., 10 Cir., 337 F.2d 849; Brennan v. Korholz, 10 Cir., 293 F.2d 751; Brennan v. W. A. Wills, Ltd., 10 Cir., 263 F.2d 1, cert. denied, 360 U.S. 902, 79 S.Ct. 1284, 3 L.Ed.2d 1254.

**152**

for the claimed right to legal title to the subject stock, appellant countered only by a narrative of services rendered to appellee as one of numerous stockholders of Rock Wool in a continuing and persistent investigation of suspected corruption in the then management of Rock Wool.[2] Appellant's investigative efforts were successful and did indeed enhance the value of Rock Wool stock, but such cannot be a legal premise for a claimed purchase of designated stock. Appellant frankly stated that he gave appellee no specific consideration for the subject 253 shares, admittedly appellee's total holdings in the Rock Wool Company.

**2.** Appellee testified that she assigned and delivered the stock certificate to appellant as an aid to his investigative efforts.