69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ARBUCKLE WILDERNESS, INC., an Oklahoma corporation; Gerald
D. Hagee, an individual, Plaintiffs-Appellants,
v.
KFOR TV, INC., Defendant-Appellee.
 Nos. 94-6407, 94-6049.
 United States Court of Appeals, Tenth Circuit.
 Nov. 6, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before this court on the issue of whether we have jurisdiction to hear this appeal in light of the appellants', Arbuckle Wilderness, Inc. and Gerald D. Hagee, filing of a notice of appeal more than thirty (30) days after the entry of judgment.
 
 
 3
 On October 5, 1994, an Order granting summary judgment in favor of the appellee, KFOR-TV, Inc., was entered in the district court. Appellants had until November 4, 1994, thirty days from the entry of judgment, within which to file a notice of appeal. Fed. R.App. P. 4(a)(1). On November 7, 1994, appellants' notice of appeal was received by and filed in the district court.
 
 
 4
 Upon discovery that the notice of appeal was filed one business day late, appellants prepared a Motion for Extension of Time to File with the District Court (the motion). The motion was sent to the district court on December 2, 1994, via Federal Express, for delivery and filing on Monday, December 5, 1994.
 
 
 5
 On December 5, 1994, the district court received appellants' Motion for Extension of Time; however, the motion was not filed. The motion was incorrectly captioned for this court rather than the district court;[2] therefore, the district court clerk properly forwarded the motion to this court. It was filed in this court on December 9, 1994. This court then returned the motion to the district court and it was filed in the district court on January 9, 1995.
 
 
 6
 On January 11, 1995, the district court denied appellants' motion. The district court concluded that "[t]he dictates of Fed. R.App. P. 4(a) preclude this Court from granting plaintiffs' [appellants'] motion for an extension. The time for filing the motion expired prior to the plaintiffs' submission with the court."
 
 
 7
 In order to determine if we have jurisdiction to review the merits of appellants' appeal, we must first decide whether appellants' motion was timely. If the motion was timely, we must then review the district court's order of January 11, 1995, denying appellants' motion.
 
 
 8
 Whether a motion for extension of time to appeal under Rule 4(a)(5) is timely so that the district court is empowered to consider it is a question of law which we review de novo. FDIC v. Hulsey, 22 F.3d 1472, 1479 (10th Cir.1994). However, we review the district court's determination of "excusable neglect" with respect to a Rule 4(a)(5) motion only for abuse of discretion. Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.), cert. denied, 419 U.S. 997 (1974).
 
 I.
 
 9
 Federal Rule of Appellate Procedure 4(a)(5) provides that the "district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)[ (1) ]." Accordingly, appellants' motion must have been filed in the district court by December 5, 1994. The district court received appellants' motion on December 5, 1994, but due to appellants' error in referring to this court in the caption, the district court clerk properly forwarded it to this court where it was filed on December 9, 1994.[3]
 
 
 10
 There is no question that if appellants must rely on the actual filing date of December 9, 1994, their motion was untimely, the district court properly denied their motion, and we are without jurisdiction to consider the appeal. However, if receipt of the motion by the district court is sufficient to satisfy the requirements of Rule 4(a)(5), then appellants' motion was timely and should have been considered on the merits by the district court.
 
 
 11
 We agree with appellants that their motion was timely. According to the federal rules, "[f]iling may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing." Fed. R.App. P. 25(a) (emphasis added). We applied this rule to filing of a petition for review in Long v. United States Dept. of Air Force, 751 F.2d 339 (10th Cir.1984). In Long, a petition was received by the clerk's office within the thirty-day filing period but due to Long's failure to include the filing fee and certificate of service, it was not stamped "filed" until after the filing period expired. 751 F.2d at 342. We held that "[u]nder the plain wording of Rule 25, papers need only be 'received by the clerk [of the court of appeals] within the time fixed for filing.' " Id. (emphasis original).
 
 
 12
 Furthermore, in cases involving the filing of a notice of appeal, the general rule is that if the notice of appeal is received by the district court within the filing period, the notice of appeal is considered timely even though it was not actually "filed" until after the filing period expired. See Houston v. Lack, 487 U.S. 266, 274 (1988) (recognizing the "general rule" and creating an exception for pro se petitioners); Parissi v. Telechron, Inc., 349 U.S. 46, 47 (1955) (holding that when the clerk of the district court received a notice of appeal within the thirty-day filing period, but did not "file" it within that period because the appellant failed to include the filing fee, the notice of appeal is nevertheless timely); United States v. Leonard, 937 F.2d 494, 495 (10th Cir.1991) (generally a notice of appeal will be considered timely filed when it is received by the district court within the filing period); Brennan v. United States Gypsum Co., 330 F.2d 728, 729 (10th Cir.1964) (untimely payment of filing fee did not vitiate validity of notice of appeal when it was received within the thirty-day period); Aldabe v. Aldabe, 616 F.2d 1089, 1091 (9th Cir.1980) (notice of appeal is timely if received by the district court within the filing period even though not "filed" until expiration of that period); Deloney v. Estelle, 661 F.2d 1061, 1063 (5th Cir.1981) (adopting rule from Aldabe ); Pryor v. Marshall, 711 F.2d 63, 64 n. 1 (6th Cir.1983) (appellant was credited with filing his notice of appeal on date it was received by the district court); United States v. Gleason, 726 F.2d 385, 387 (8th Cir.1984) ("A notice of appeal is timely filed if it is received by the district court within the applicable time period."); Myers v. Stephenson, 748 F.2d 202, 203 n. 2 (4th Cir.1984) ("it is the date which the [notice of] appeal was received by the district court that controls"); Gonzalez-Julio v. INS, 34 F.3d 820, 824 (9th Cir.1994) ("It is clear that a notice of appeal timely received by the [BIA] Office should be timely filed.").
 
 
 13
 We discern no reason to treat a motion for extension of time any differently than a notice of appeal or petition for review, especially in light of the plain wording of Rule 25(a) which applies to all filings. Therefore, we hold that the motion for extension of time was timely because it was received by the district court within the thirty-day filing period.
 
 II.
 
 14
 We must now consider the district court's order of January 11, 1995. Since the district court denied the appellants' motion on the grounds that it was untimely, we must set aside the order and remand to the district court for full consideration of appellants' Motion for Extension of Time to File on the merits following the guidelines set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, --- U.S. ----, 113 S.Ct. 1489 (1993), and City of Chanute, KS v. Williams Nat. Gas Co., 31 F.3d 1041 (10th Cir.1994), cert. denied, --- U.S. --- (1995). In City of Chanute, this court adopted the test outlined by the Supreme Court in Pioneer for considering "excusable neglect" under Rule 4(a)(5). 31 F.3d at 1046. See also Tarabishi v. McAlester Regional Hosp., 951 F.2d 1558, 1563 n. 3 (10th Cir.1991) (holding that the district court did not abuse its discretion in granting the motion for extension of time on the basis of "excusable neglect" when the notice of appeal was one day late and appellant's counsel stated that in his experience the normal course of mail delivery took at most two days between the two cities and that he had mailed it three days early), cert denied, 505 U.S. 1206 (1992). Contra, Wright v. Deyton, 757 F.2d 1253, 1255 n. 5 (11th Cir.1985) (normal course of mail delivery insufficient to excuse untimely filing).
 
 
 15
 We express no views on the merits of appellants' motion for extension of time nor do we consider the merits of appellants' appeal at this time.
 
 
 16
 Therefore, we REVERSE the district court's order of January 11, 1995, and REMAND to the district court for further proceedings consistent with this opinion.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Apparently, the substance of the motion was also incorrectly addressed to this court rather than the district court. This does not affect our determination of timeliness; however, it may affect the district court's ultimate findings on excusable neglect
 
 
 [3]
 Rule 4(a)(1) also provides that "[i]f a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date when the clerk received the notice and send it to the clerk of the district court and the notice will be treated as filed in the district court on the date so noted." Fed. R.App. P. 4(a)(1)