**J. L. THOMPSON, Plaintiff,**

**v.**

**AMERICAN AIRLINES, INC., Defendant-Third-Party Plaintiff,**

**v.**

**The STATE NATIONAL BANK OF EL PASO, Third-Party Defendant,**

**Ralph SWAFFORD, Third-Party Defendant-Appellant,**

**v.**

**UNITED STATES of America, Fourth-Party Defendant-Appellee.**

**No. 28142**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1970.

Herbert Ehrlich, El Paso, Tex., for appellant.

Seagel V. Wheatley, U. S. Atty., San Antonio, Tex., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, John A. Townsend, Attys., Dept. of Justice, Washington, D. C., for appellee, Haskell Shelton, Asst. U. S. Atty., of counsel.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ A suit by the named consignee of a shipment of $18,000 worth of silver coins sued the common air carrier for non-delivery. The carrier as a third-

party plaintiff (F.R.Civ.P. 14(a)) impleaded a bank and an individual (Swafford) since it then seemed clear that Swafford got the coins. As a third-party defendant he then became a fourth-party plaintiff in his attempted impleader of the United States, whose revenue agents had seized the coins while in Swafford's custody allegedly as his property subject to the ubiquitous lien for federal taxes. The Court dismissed this impleader stating that the rights to the coins vis-a-vis the Government could be determined later and independently of this now complicated simple suit for non-delivery.[1]

We do not even get close to the merits for it is obvious this Court is without jurisdiction for want of an appealable order. As a part of a multiple-claim-multiple-party case the major part of the case remains open. The Trial Court has it within its power to reconsider this dismissal until the whole case is disposed of. As no certificate under F.R.Civ.P. 54(b) was issued, and could hardly now issue, certifying that there is no just reason for delay in the resolution of this tag-end dispute which may never come into being, the order is not final and hence is unappealable under 28 U.S.C.A. § 1291. Just as obviously it is not worthy of an interlocutory appeal under 28 U.S.C.A. § 1292(b).

So we have an appeal without any possible jurisdiction. This would be more than enough to say were it not for a further fact which shows abuse of the process of appeal both in terms of its substantive availability, and more importantly, in terms of time as this peripheral appeal has presumably ground the underlying cause to a halt.

A record comprising but 30 typed pages with nothing more in it than pleadings and a four-page transcript of a motion hearing contains an order allowing a 50-day extension of the time to file the record to bring the total to 90 days. This Court cannot conceive of any—the word is any—reason to justify any—the word is any—delay in the filing of this record in the 40 days permitted. F.R.A.P. 11(a), (d). Now that we have judicial screening[2] it is essential that cases come to us as quickly as possible so that our dockets may be arranged to permit the earliest hearing of those cases deemed to call for oral argument. All should take heed that routine extensions of time are not to be allowed and that, as the spirit of the Rules reflects, extensions are to be based on demonstrated genuine need.

Appeal dismissed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

