**PREMIER INDUSTRIAL CORPORA-**
**TION, Plaintiff-Appellant,**

v.

**William McGUIRE and Robert Dugas,**
**Defendants-Appellees.**

**No. 28719**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 5, 1970.
Rehearing Denied July 28, 1970.

David S. Bell, Baton Rouge, La., for plaintiff-appellant.

John V. Parker, Julian Clark Martin, of Sanders, Miller, Downing & Kean, Baton Rouge, La., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM.

█ In this Louisiana diversity action Premier seeks recovery against its agents for breach of a contract covering the sale and distribution of automobile parts and equipment. It alleged that the individual agents breached the agreement not to compete with the principal for two years after the termination of the contract. It also alleged that the agents violated their fiduciary obligation under the contract. The District Court granted a summary judgment for the agents as to the claim of breach of the non-competing provisions of the contract. It declined, however, to grant a summary judgment as to the other allegations [1] including some cross claims.

█ We do not, however, get close to the merits of the District Court's action since it is clear that this Court is without jurisdiction for want of an appealable order. A major portion of this multiple-claim-multiple-party case remains open. F.R.Civ.P. 54(b). The District Court has it within its powers to reconsider this dismissal up to the time there is a disposition of the whole case. Since no certificate has been issued under F.R.Civ.P. 54(b) certifying that there is no just reason for delay, the order is not final and hence is unappealable under 28 U.S.C.A. § 1291. And most certainly there is no justification for an interlocutory appeal under 28 U.S.C.A. § 1292(b). Thompson v. American Airlines, Inc., 5 Cir., 1970, 422 F.2d 350.

Appeal dismissed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.