770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BENDIX AUTOLITE CORPORATION, PLAINTIFF-APPELLANT,
v.
MIDWESCO-ENTERPRISES, INC., DEFENDANT-THIRD PARTY PLAINTIFF-APPELLEE,
INTERNATIONAL BOILER WORKS CO., ET AL., THIRD-PARTY DEFENDANTS.
 NO. 84-3275
 United States Court of Appeals, Sixth Circuit.
 7/19/85
 
 N.D.Ohio
 APPEAL DISMISSED
 ORDER
 BEFORE: JONES, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 Plaintiff Bendix Autolite Corporation (Bendix) appeals from the district court's order granting summary judgment for defendant Midwesco-Enterprises, Inc. (Midwesco) in this diversity action for breach of contract.
 
 
 2
 Bendix is a Delaware Corporation, whose principal place of business is in Fostoria, Ohio. Midwesco is a Illinois Corporation whose principal place of business is in Niles, Illinois. Midwesco is not registered to do business in Ohio and does not have an agent for service of process. On August 2, 1974 Midwesco contracted with Bendix to design, engineer, select and provide components for a completely automatic, coal-fired steam generating system at Bendix in Fostoria, Ohio. Under the terms of the contract the boiler system was to generate 130 pounds per square inch of steam at a rate of 26,000 pounds per hour. The system, which was operational on July 3, 1975, never performed according to contract specifications.
 
 
 3
 On December 19, 1980 Bendix filed suit in federal district court. Midwesco answered and then filed third party complaints against International Boiler Works Company (IBWC), the supplier of the boiler that was installed at Bendix; and Stoker Corporation (Stoker), Joseph F. Stenglein (Stenglein), Robert Dubs (Dubs), and unknown stockholders and officers of Stoker. Stoker supplied the combustion control system, stoker and over fire system for the boiler system installed at Bendix. Stenglein was president of and general manager of Stoker at all times relevant to the lawsuit and Dubs was an officer and shareholder. All of the third-party defendants answered.
 
 
 4
 On November 8, 1982 Midwesco moved for summary judgment on the basis that Bendix's action was barred by the applicable Ohio statute of limitations. Midwesco asserted that the Ohio tolling statute, Ohio Revised Code Sec. 2305.15, was inapplicable to it because it could have been served with process in Illinois under Ohio's long arm statute, or alternatively, that the Ohio tolling statute was unconstitutional as an impermissible burden on interstate commerce and a violation of its due process rights. The district court found that Ohio's tolling statute applied to Midwesco, and denied summary judgment on that basis. However, it reserved decision on the constitutional issue of whether the tolling statute violated the Commerce Clause pending argument on the same issue in Copley v. Heil-Quaker, No. C82-512. The court granted leave to Bendix and Midwesco to participate in that hearing. On March 6, 1984 the district court found that Ohio's tolling statute as applied to Midwesco was an impermissible burden on interstate commerce and was, therefore, unconstitutional. The court granted Midwesco's motion for summary judgment in part, denied it in part, and dismissed Bendix's claims against Midwesco. Bendix appealed.
 
 
 5
 Subsequently, Midwesco, the defendant and third-party plaintiff, and all of the third-party defendants, except IBWC, settled their dispute and the third-party complaint was dismissed with prejudice, against all the third-party defendants, except IBWC. There has been no other activity in the district court.
 
 
 6
 Upon consideration, this Court concludes that Bendix's appeal must be dismissed. Federal Rule of Civil Procedure 54(b) provides that no judgment disposing of less than all the claims as to all the parties is final, unless the district court expressly determines that there is no just reason for delay and orders entry of judgment. In the absence of Rule 54(b) certification, an order adjudicating fewer than all the claims or the rights and liabilities of fewer than all of the parties is not a final appealable order. Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976); Oak Construction v. Huron Cement Company, 475 F.2d 1220 (6th Cir. 1973).
 
 
 7
 In the present case, although the main action was dismissed, the third-party claims against IBWC are still pending in the district cour . If a third-party becomes part of an action, the action involves multiple claims and multiple parties and an adjudication of one or more but fewer than all of the claims, or the interest of one or more but fewer than all of the parties is interlocutory, absent a Rule 54(b) certificate. Thompson v. American Airlines, 422 F.2d 350, 351 (5th Cir. 1970); Weinstock Hermanos & Cia Ltda. v. American Aniline & Extract Co., 406 F.2d 1327, 1328 (3d Cir. 1969); 6 Moore's Federal Practice p 54.36 (2d ed. 1982); Also See Owens v. Aetna Life and Casualty Company, 654 F.2d 218 (3d Cir.), cert. denied, 454 U.S. 1092, 102 S. Ct. 657 (1981). Since the record contains no express direction for entry of final judgment and no Rule 54(b) certification, there is no final appealable order, and this Court lacks jurisdiction to entertain this appeal. Oak Construction Company v. Huron Cement Company, supra, at 1221.
 
 
 8
 It is, therefore, ORDERED that this appeal is dismissed for lack of jurisdiction pursuant to Sixth Circuit Rule 9(d)(1).