## In re PLANKINTON BLDG. CO.
## HARVEY et al. v. FIRST MORTGAGE BONDHOLDERS' PROTECTIVE COMMITTEE et al.
No. 8199.

Circuit Court of Appeals, Seventh Circuit.

Feb. 27, 1943.

See, also, D.C., 40 F.Supp. 517; D.C., 46 F.Supp. 697.

E. C. Pommerening, and Harvey C. Hartwig, both of Milwaukee, Wis., for appellants.

E. H. Hallows, of Milwaukee, Wis., Thomas B. Hart, Ben S. Warren, Jr., and Arthur E. Boroughf, all of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

On January 11, 1943, the appellee Plankinton Building Company filed a "short record" according to rule 75(j) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and moved to dismiss the appeal, on the ground that notice of the designation of record was not served "promptly" and that the record was not filed within the time allowed by Rule 73(g).

Appellants are preferred stockholders of the appellee corporation and are attempting to appeal from an order of the District Court entered on September 28, 1942, vacating an injunction restraining the indenture trustees from giving written notice of default to the debtor, and declaring the principal on all bonds to be due.

The notice of the appeal was filed in the District Court on October 28, 1942, and 37 days thereafter, on December 4, the appellants filed a designation of record and statement of points, and served a copy thereof on the appellee on December 8, 41 days after the notice of appeal was filed.

Rule 75(a) of the Federal Rules of Civil Procedure provides that *promptly* after an appeal is taken, the appellant shall serve upon the appellee and file with the District Court a designation of the portions of the record to be contained in the record on appeal. Within 10 days thereafter any other party to the appeal may serve and file a designation of additional portions of the record to be included. Rule 73(g) provides that the record shall be filed with the appellate court within 40 days from the date of the notice of appeal unless the time be extended. In this case, the time was not extended.

■ True it is, the mandatory requirement of Rule 73(g) is alleviated in its rigidity by subsection (a) of the same rule which renders the failure to comply with subsection (g) nonjurisdictional, Miller v. United States, 7 Cir., 117 F.2d 256, 257; nevertheless, it is clear that the rules are expected to be followed, and unless reasons satisfactory to the court are advanced as a basis for special relief from their provisions, the court will take such action as it deems appropriate. United States v. Schlotfeldt, 7 Cir., 123 F.2d 109, and In re Gammill, 7 Cir., 129 F.2d 501.

■ In this case the designation of the record did not include the complete record and the appellants did not serve notice upon the appellee or the other defendants as to what they had included in their designation of the record until December 8, 41 days after the filing of the notice of appeal; thus they deprived the appellee of its rights under Rule 75(a) of having ten days to serve and file a designation of additional portions of the record. Under the circumstances here appearing, we see no reason for denying appellee's motion.

The motion to dismiss the appeal is granted and the appeal is dismissed.