Josef **WEINBERGER**, Creditor, Appellant,

v.

N. Edward **GROUP**, Trustee, et al., Appellees.

In the Matter of **CHICO PARK, INC.**

No. 6404.

United States Court of Appeals First Circuit.

Submitted Nov. 30, 1964.

Decided Dec. 8, 1964.

Isaias Rodriguez Moreno and Joseph T. Wynne, San Juan, P. R., upon the motion for appellant.

Before WOODBURY, Chief Judge, and ALDRICH, Circuit Judge.

PER CURIAM.

█ This is an appeal from an order of the district court for the district of Puerto Rico dismissing a petition to review an order of a referee in bankruptcy. The order of the district court was filed on June 23, 1964, and notice of appeal was filed on July 23. The case was entered in this court on September 2, as a result of which the brief and record appendix was due to be filed on October 7. On October 5 appellant forwarded to Boston a motion for extension of time which was received October 7. This was improper practice. The normal time for requesting an extension is when the need first arises, not when it is already too late. Naturally there is always "need" when the time has expired. The issue is good cause, and cause which has resulted from a party's own lack of diligence is not good cause. The court chose, nevertheless, to allow appellant's motion and extended the filing to the date requested, viz., October 27. On November 2, received November 4, a similar motion requested that the time be extended to November 24. This motion was no more explicit than the earlier one. The court,

on November 4, entered an order granting the motion, but after reciting appellant's past delays stated, in italics, that this extension was "final."

█ We are now in receipt of a further motion, again after the time had expired and appellant was in default, reciting that counsel's other employment prevented him from delivering the requisite papers to the printer until November 23, and requesting an extension until such time as the printing could be done. It should be obvious that printing could not be accomplished overnight. It should be equally obvious that whatever delay may have been thought to be necessary with respect to appellant's brief, his statement of points and designation of parts of the record to be printed as required by our Rule 23(2), filed September 9, 1964, and calling for some 40 to 50 pages, could, along with those pages, have been sent to the printer long ago. The remaining matter is appellant's brief. With respect to this our order of November 4 granted the full length of time that was asked for. If counsel was dissatisfied with the finality provision it behooved him, at the minimum, to ask forthwith for its revision rather than to proceed as if we meant nothing by it.

It is true that under our rules this court does not sit in Puerto Rico until the first week in February. There has been considerable evidence that, relying on this fact, counsel for appellants in Puerto Rico are disposed to procrastinate to the last moment, thereby seriously imposing upon appellees, and leaving them no corresponding opportunity to prepare their briefs at leisure and convenience, to say nothing of resulting last minute demands upon the printer. In this case we made ourselves very clear. Appellant knew what his position was since last July. We do not propose, after allowing him the fall to prepare his brief, to give appellees the minimum time, and over the holidays at that.

An order will be entered denying the motion for further extension of time and dismissing the appeal for want of prosecution.