**In the Matter of the GAMMILL COMPANY, Inc., and Gammill Investment Company, Bankrupts-Appellants,**

v.

**John Hart ASHER, Trustee, Appellee.**

**No. 26717.**

United States Court of Appeals, Fifth Circuit.

March 5, 1970.

Dixon L. Pyles, Jackson, Miss., for appellants.

Vardeman S. Dunn, Swep S. Taylor, Jr., Jackson, Miss., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

It has been one year and two months since notice of appeal has been filed in this Chapter X bankruptcy case. A chronology of events is as follows: On October 4, 1968, the district court entered the order from which appeal is being taken. On November 7, 1968, notice of appeal was filed with the district court. On February 13, 1969, the district court dismissed the appeal (no appeal was taken from this order). On June 3, 1969, appellants filed a motion in this Court requesting an order directing the district court to send up the record. On June 24, 1969 this Court granted the motion. On July 16, 1969, a partial record, not including a transcript of the evidence, was filed with this Court. On that same day, the Clerk of this Court issue a notice to the attorneys, under Federal Rule of Appellate Procedure 12

and Local Rule 13, directing withdrawal of the record and the filing of the appendix and briefs within forty days under Rule 30. (There has been no appendix or brief filed to this day).

On July 22, 1969, this Court extended the time for filing of the transcript to August 21, 1969. On July 23, 1969, appellee filed a motion to dismiss the appeal on the grounds that appellants had disregarded certain Rules of the Federal Rules of Appellate Procedure and that the appeal was moot. The motion to dismiss was denied by this Court. On September 4, 1969, the Clerk of this Court sent a letter to counsel for appellants, inquiring why the transcript had not been filed. Apparently, counsel did not respond to the Clerk. On September 26, 1969, appellee filed his second motion to dismiss, alleging essentially the same grounds he had alleged in his previous motion to dismiss but additionally complaining of the fact that no transcript had been filed. Appellants, in their response to appellee's motion, stated that they had contacted the court reporter but were having difficulties in getting him to prepare the transcript. Appellee's second motion to dismiss was denied by this Court.

On January 22, 1970, appellee filed a third motion to dismiss the appeal and a first motion to affirm. Appellee again repeated the allegations stated in his two previous motions to dismiss, but complained most bitterly of appellants' failure to file a transcript. On February 2, 1970, this Court entered an order directing appellants to show cause why their appeal should not be dismissed. In response to this order, appellants state that a transcript has not been filed because the court reporter's notes of the relevant proceedings had been mysteriously removed from his office and have not yet been located. Appellants state that they are in the process of collecting affidavits from participants in the proceedings to file in lieu of the transcript.

A careful reading of the papers we have before us indicates that appellants' attorneys have not been diligent. Counsel for appellants have known since November 1, 1969 that the court reporter no longer had his notes in the relevant proceedings, yet counsel made no effort to inform this Court of that fact or to seek an extension of time for filing of the transcript or papers in lieu thereof. Since August 21, 1969, the date that the transcript was due, appellants have taken *no affirmative action* to get an extension of time for filing a transcript or substitute documents. This shows a gross lack of diligence on the part of attorneys for appellants and, indeed, shows a callous disregard for the efficient administration of justice and the spirit and letter of the Federal Rules of Appellate Procedure and the Rules of this Court. See Weinberger v. Group, 1st Cir. 1964, 339 F.2d 34; Brennan v. United States Gypsum Co., 10th Cir. 1964, 330 F.2d 728.

Therefore, it is ordered that appellee's third motion for dismissal of this appeal is hereby granted.