WESTINGHOUSE ELECTRIC SUPPLY CO. *vs.* THE HEALY CORPORATION.

Suffolk.    April 12, 1976. — January 31, 1977.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

MAPLEWOOD YARN MILLS, INC. *vs.* RICHARD LEVIN & others.

Suffolk.    May 13, 1976. — January 31, 1977.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Civil,* Appeal.    *Rules of Appellate Procedure,* Late appeal.

Discussion of the Federal case law which has developed from the provisions of the Federal appellate rules governing assembly and transmission of a record and the docketing of an appeal. [47-54]

Discussion of the provisions of the Massachusetts Rules of Appellate Procedure governing assembly of a record and the docketing of an appeal. [54-61]

A clerk of a lower court is not authorized to assemble a record on appeal after the expiration of the time specified in rule 9 (c) of the Massachusetts Rules of Appellate Procedure or any extension thereof unless an appellate court so orders. [61]

A motion under rule 9 (e) of the Massachusetts Rules of Appellate Procedure for late assembly of the record should not be allowed in the absence of a showing that the appeal presents a meritorious issue. [61-62]

A single justice of this court did not abuse his discretion in denying an appellant's motion for late docketing of an appeal even if the appeal presented a meritorious issue. [62-64]

The case of Westinghouse Electric Supply Co. *vs.* The Healy Corporation, an action of contract, was commenced by writ in the Superior Court dated April 14, 1972. A motion filed in the Appeals Court was heard by *Goodman, J.*

*John R. Murphy* for The Healy Corporation.

*Thomas E. Goode* for Westinghouse Electric Supply Co.

The case of Maplewood Yarn Mills, Inc. *vs.* Richard Levin & others was commenced by a bill in equity filed in the Superior Court on May 12, 1970. After a motion was filed in the Appeals Court the case was reported by *Armstrong, J.*

*Joel O. Mazer* for Maplewood Yarn Mills, Inc.

*Joseph Schneider*, pro se.

*Lionel H. Perlo & Jacob J. Locke,* for Richard Levin & another, submitted a brief.

ARMSTRONG, J.    These two cases, which are not companion cases but are discussed together because they involve similar issues, concern the consequences of failure by appellants to comply seasonably with the requirements of the Massachusetts Rules of Appellate Procedure, concerning assembly of the record and the docketing of the appeal.

The first case is a contract action, in which the plaintiff (Westinghouse) on February 21, 1975, recovered a judgment for $17,102.50 against the defendant (Healy). Trial counsel for Healy filed its notice of appeal on February 27, 1975. Thereafter Healy engaged new counsel; and on April 18, 1975, the latter filed a motion in this court[1] for an

---

[1] The Superior Court was then without jurisdiction to allow such a motion: Mass.R.A.P. 9(c), 365 Mass. 852 (1974), gives the appellant forty days after filing the notice of appeal to take whatever action is necessary to enable the clerk of the lower court to assemble the record; and Mass.R.A.P. 9(e) states: "The lower court for cause shown may extend the time for complying with the requirements of paragraph (c) of this rule. A request for extension must be made within the time originally prescribed or within an extension previously granted. If the lower court is without authority to grant the relief sought or has denied a request therefor, the appellate court or a single justice may on motion for cause shown, and upon such terms as it may deem proper, extend the time for complying with the requirements of paragraph (c) of this rule...." 365 Mass. at 853 (1974).

extension of time for ordering the transcript and assembling the record. That motion, originally denied because it failed to show good cause for the delay and a meritorious issue on appeal, see *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377 (1975), was allowed on reconsideration, and, within the time limits specified by the single justice, Healy ordered the transcript and caused the record to be assembled. On June 3, 1975, the clerk of the Superior Court for civil business in the county of Suffolk (civil clerk) sent both parties notice of assembly; Healy's copy was received on June 5. Counsel for Healy, due (as he later contended) "to an erroneous interpretation of Rule 10[2] and to a misunderstanding of statements made by the [c]lerk's office," neglected to pay to the clerk of this court the docket fee fixed by law (five dollars; see G. L. c. 262, § 4). Some time after the time for docketing the appeal had expired, Westinghouse filed a motion in the Superior Court to dismiss the appeal; the motion was allowed on July 15, 1975, "without prejudice to the right to present [a motion for late docketing] to [the A]ppeals [C]ourt." On July 23, 1975, Healy filed such a motion in this court, which, after hearing, was denied by a single justice on August 29, 1975. The single justice, noting that Healy had failed to comply with the requirements of appellate rules 18(b) or 19(a), 365 Mass. 865 and 867 (1974), predicated the denial of the motion on a failure to show good cause for noncompliance with the applicable rules, and specifically declined to rule on Healy's contention that the appeal presented a meritorious issue. The case is before us on Healy's appeal from the denial of its motion for late docketing of its appeal.

In the second case the plaintiff (Maplewood), a corporation, had brought an action for an accounting, alleging conversion by the defendants of corporate property. The action was dismissed by an order docketed on March 1, 1975. The plaintiff filed its notice of appeal on March 12, 1975. Delay in the preparation of the transcript led the

---

[2] Set out in relevant part in footnote 6, *infra.*

plaintiff to file a series of motions in the Superior Court for extensions of time for (presumably) assembly of the record under Mass.R.A.P. 9(e), 365 Mass. 853 (1974), the last of which expired on December 24, 1975. On December 29, 1975, the plaintiff offered the transcript for filing, but the civil clerk refused to docket it on the ground that the time for assembly had expired. The plaintiff then filed a motion in this court, asking that the civil clerk be directed to docket the transcript and to assemble the record and issue notice thereof in accordance with the provisions of Mass.R.A.P. 9(d), 365 Mass. 852 (1974);[3] alternatively, in the event that this court should determine that the relief sought could not be given, the plaintiff asked for an order permitting late assembly of the record. The motion recited that plaintiff's counsel received the transcript "shortly before December 24, 1975, ... and promptly undertook to review [it] for accuracy" and that the plaintiff "believes [its claim] is meritorious." The defendants filed written oppositions to the motion, contending that the plaintiff "has failed to show 'cause' as required by Mass.R.A.P. 9(e)." The single justice, acting under the provisions of Rule 2:01 of the Appeals Court (as amended effective February 27, 1975, 3 Mass. App. Ct. 805 [1975]), see *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. 464, 468 (1975), reported to a panel of the Justices three questions which are set out in the margin.[4] The

---

[3] Rule 9(d) is set out in relevant part in fn. 7, *infra.*

[4] "1. Is the plaintiff, being the appellant, entitled as of right to have the clerk of the lower court accept the transcript and assemble the record after the expiration of forty days from the filing of the notice of appeal or the expiration of any extension timely sought and granted in accordance with the provisions of Mass.R.A.P. 9(e)?

"2. Does the said clerk have discretion to accept the transcript or assemble the record under those circumstances in the absence of an order extending the time for assembly of the record by the appellate court?

"3. Is the requirement of Mass.R.A.P. 9(e), that 'on motion for cause shown' the appellate court may extend the time for complying with the requirements of Mass.R.A.P. 9(c), satisfied in the absence of a showing that the appeal raises a meritorious issue (see *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 [1975])?"

questions raised are basic to the mechanics of the appellate process.

The Massachusetts Rules of Appellate Procedure were "modelled almost entirely upon the Federal Rules of Appellate Procedure." Reporters' Notes to Mass.R.A.P. 1, appearing in Mass. Ann. Laws, Rules of Civil and Appellate Procedure 517 (1974). Like the rules of civil procedure, they are to be given "the adjudged construction . . . given to the [corresponding provisions of the] Federal rules . . . , absent compelling reasons to the contrary or significant differences in content." *Rollins Environmental Serv. Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). To the same effect, see *Giacobbe* v. *First Coolidge Corp.* 367 Mass. 309, 315-317 (1975); *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. 464, 468 (1975); *Martin* v. *Hall,* 369 Mass. 882, 884 (1976); *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 185 (1976).

An examination of the Federal case law which has developed from the provisions of the Federal appellate rules governing assembly and transmission of a record and the docketing of an appeal shows agreement on the following three propositions.

First, the appellant not only has the responsibility to order the transcript (or such portions thereof as are necessary to determine the appeal) within the ten days prescribed by rule[5] and to docket the appeal (by paying the

[5] Federal Rules of Appellate Procedure 10(b) reads in part: "*(b) The Transcript of Proceedings; Duty of Appellant to Order; Notice to Appellee if Partial Transcript Is Ordered.* Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion. Unless the entire transcript is to be included, the appellant shall, within the time above provided, file and serve on the appellee a description of the parts of the transcript which he intends to include in the record and a statement of the issues he intends to present on the appeal. . . . At the time of ordering, a party must make satisfactory arrangements with the reporter for payment of the cost of the transcript." The corresponding provision of our rules is Mass.R.A.P. 8(b), 365 Mass. 850 (1974), which reads substantially the same as Fed.R.A.P. 10(b).

docket fee to the clerk of the Court of Appeals within the time prescribed by rule;[6] he also has the responsibility to cause the clerk of the District Court to assemble and transmit the record to the clerk of the Court of Appeals within the forty days prescribed by rule.[7] The appellant's responsibility for causing the clerk to act within the time prescribed (or within a seasonably requested and obtained extension of time[8]) is derived from Fed.R.A.P. 11(a),

[6] Federal Rules of Appellate Procedure 12(a) reads, in relevant part: "(a) *Docketing the Appeal.* Within the time allowed or fixed for transmission of the record, the appellant shall pay to the clerk of the court of appeals the docket fee fixed by the Judicial Conference of the United States pursuant to 28 U. S. C. § 1913, and the clerk shall thereupon enter the appeal upon the docket. If an appellant is authorized to prosecute the appeal without prepayment of fees, the clerk shall enter the appeal upon the docket at the request of a party or at the time of filing the record. The court of appeals may upon motion for cause shown enlarge the time for docketing the appeal or permit the appeal to be docketed out of time...." The corresponding provision of our rules is Mass.R.A.P. 10(a), as amended, 367 Mass. 919 (1975), which in relevant part reads: "(a) *Docketing the Appeal.* Within 10 days of receipt of notice of assembly of the record, pursuant to Rule 9(d) or of approval by the lower court of an agreed statement, pursuant to Rule 8(d), the appellant shall pay to the clerk of the appellate court the docket fee fixed by law, and the clerk shall thereupon enter the appeal upon the docket. If an appellant is authorized to prosecute the appeal without prepayment of fees, the clerk shall enter the appeal upon the docket at the request of a party.... The appellate court or a single justice may upon motion for cause shown enlarge the time for docketing the appeal or permit the appeal to be docketed out of time...." (Emphasis supplied to section heading, as will be done throughout this opinion in order to facilitate comparison with counterpart Federal rules.)

[7] Fed.R.A.P. 11(a). It is reproduced in relevant part in the text of the opinion. The corresponding rules in our practice are Mass.R.A.P. 9(d), 365 Mass. 852 (1974) ("*Duty of Clerk; Transmission.* When the record is fully assembled, the clerk of the lower court shall notify the parties and the clerk of the appellate court and shall transmit two certified copies of the docket entries to the appellate court...."), and Mass.R.A.P. 9(c), 365 Mass. 852 (1974) ("*Appellant's Obligation.* In addition to complying with the provisions of Rule 8[b], each appellant shall within forty days after filing the notice of appeal take any action necessary, or reasonably requested by the clerk, to enable the clerk of the lower court to assemble the record ...").

[8] Fed.R.A.P. 11(d): "The district court for cause shown may extend the time for transmitting the record. A request for extension must be made within the time originally prescribed or within an extension previously granted.... If the district court is without authority to

which, in relevant part, reads, "(*a*) *Time for Transmission; Duty of Appellant. The record on appeal . . . shall be transmitted to the court of appeals within 40 days after the filing of the notice of appeal unless the time is shortened or extended by an order entered under subdivision (d) of this rule. After filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record . . .*" (emphasis supplied), and from Fed.R.A.P. 12 (*c*), which, in relevant part, reads, "(c) *Dismissal for Failure of Appellant to Cause Timely Transmission or to Docket Appeal. If the appellant shall fail to cause timely transmission of the record* or to pay the docket fee if a docket fee is required, any appellee may file a motion in the court of appeals to dismiss the appeal . . ." (emphasis supplied). These rules make it clear that, ". . . while actual transmission is the task of the district court clerk, the task is assigned to him only for the sake of the security of the record. The responsibility for assuring timely transmission is the appellant's. He should, upon filing the notice of appeal, consult with the clerk to determine what things are necessary to insure timely transmission. If for any reason it appears that the record cannot be transmitted within forty days of the date of filing the notice of appeal, the appellant should request an extension of time from the district court. . . ." 9 Moore, Federal Practice par. 211.05, at 1812 (2d ed. 1975). See also *Pyramid Mobile Homes, Inc.* v. *Speake*, 531 F. 2d 743, 745 (5th Cir. 1976) ("The responsibility for providing an adequate record and insuring its timely transmittal rests squarely with the appellant . . .") ; *Business Forms Finishing Serv. Inc.* v. *Carson*, 463 F. 2d 966, 967 (7th Cir. 1971) ("It is clear that the responsibility for providing an adequate record and for insuring that it is timely transmitted

grant the relief sought or has denied a request therefor, the court of appeals may on motion for cause shown extend the time for transmitting the record or may permit the record to be transmitted and filed after the expiration of the time allowed or fixed. . . ." Compare Mass. R.A.P. 9(e), set out in relevant part in fn. 1, *supra.*

to the court of appeals rests upon an appellant. . . . An appellant cannot discharge his duty merely by writing a letter to the Clerk but has a continuing responsibility to see that the record is timely transmitted to this Court").

Second, it is settled that a failure by the appellant to comply (or cause compliance) with the timetable prescribed by the appellate rules for assembly and transmission of the record and the docketing of the appeal does not deprive the Court of Appeals of jurisdiction over the appeal. *Pyramid Motor Freight Corp.* v. *Ispass,* 330 U. S. 695, 702-705 (1947). *Ainsworth* v. *Gill Glass & Fixture Co.* 104 F. 2d 83 (3rd Cir. 1939). *Brennan* v. *United Fruit Co.* 108 F. 2d 710 (5th Cir. 1940). *Pang-Tsu Mow* v. *Republic of China,* 220 F. 2d 811 (D. C. Cir. 1954). *United States* v. *Bowen,* 310 F. 2d 45, 47 (5th Cir. 1962). *Olympic Ins. Co.* v. *H.D. Harrison, Inc.* 413 F. 2d 973 (5th Cir. 1969). This follows directly from Fed.R.A.P. 3(a), which states in part: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."[9]

Third, notwithstanding the fact that a failure to comply with the time limitation for the transmission of the record and the docketing of the appeal is not jurisdictional, the weight of Federal authority regards such a failure as, in the words of *Schulte* v. *Director of the Div. of Employment Security,* 369 Mass. 74, 79 (1975), a "serious misstep," not a "relatively innocuous one," the appropriate remedy or penalty for which is presumptively dismissal of the appeal. See *Gilroy* v. *Erie Lackawanna R.R.* 421 F. 2d 1321 (2d

---

[9] The same sentence (substituting "appellate court" for "court of appeals," and "shall be" for "is") appears in the corresponding Massachusetts rule, Mass.R.A.P. 3(a), 365 Mass. 845 (1974). A corresponding provision in the rules governing earlier practice (S.J.C. Rule 1:07, 351 Mass. 736 [1966]) is discussed in *Gilmore* v. *Gilmore,* 369 Mass. 598, 601 (1976). See also *Schulte* v. *Director of the Div. of Employment Security,* 369 Mass. 74, 80-81 (1975); *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 811 (1976).

Cir. 1970);[10] *Robertson* v. *Federal Crop Ins. Corp.* 159 F. 2d 245 (5th Cir. 1947);[11] *United States* v. *Bowen,* 310 F. 2d 45 (5th Cir. 1962);[12] *Pyramid Mobile Homes, Inc.* v. *Speake,* 531 F. 2d 743 (5th Cir. 1976);[13] *Piganelli* v. *Reichard,* 123 F. 2d 957 (6th Cir. 1941); *Copco Steel & Engr. Co.* v. *Eisenwerk,* 267 F. 2d 491 (6th Cir. 1959);

---

[10] "The orderly and fair administration of justice requires a firm enforcement of the Rules of Appellate Procedure and the speedy prosecution of appeals.... [T]he burden is on the appellant to apply, before his time allowance has run, for additional time upon a showing of real need which will not unduly prejudice the appellee. Any dereliction the result of which is to place on the appellee the burden of moving to dismiss the appeal is evidence of a lack of good faith on the part of the appellant. Unless such application for extended time is made so that it may be considered before the allotted time has expired ..., failing extraordinary circumstances, it constitutes neglect which will not be excused. Henceforth, on facts showing such inexcusable neglect as we find here, an appeal will be dismissed." 421 F. 2d at 1323.

[11] "We see absolutely no excuse offered which should lead us to disregard the [portions of the] Federal Rules of Civil Procedure [which preceded the present Rules of Appellate Procedure having to do with preparation of the record on appeal] ... and our own Rule in this case." 159 F. 2d at 245.

[12] "The reason given for failure to seek an extension from this Court prior to the expiration of the ... [40 day] period is that ... [counsel for the appellant] expected an order [extending the time] would be entered by the district court pro forma .... We do not think counsel are entitled to indulge in assumptions where there is an express grant of judicial discretion. It does not appear to us that there was an abuse of the district judge's discretion. The representation that counsel ... [for the appellant] was engaged upon other matters does not ... require that we override the district court's decision or exercise our discretion in favor of a retroactive extension..... [T]he preoccupation of counsel with other matters does not dispense with the necessity for a compliance with the rules." 310 F. 2d at 47.

[13] "Precisely because the filing of a notice of appeal is such a simple matter, and because of the inherent prejudice to ... [other parties in a bankruptcy proceeding], some device is necessary to insure that appeals taken are diligently prosecuted. The rules relative to transmission of the record are such a device. As we have noted in the context of F.R.A.P. 11(*a*), 'All should take heed that routine extensions of time are not to be allowed and that, as the spirit of the Rules reflects, extensions are to be based on demonstrated genuine need.' *Thompson* v. *American Airlines, Inc.* 5 Cir. 1970, 422 F. 2d 350, 351 [1970]." 531 F. 2d at 745.

*United States* v. *Schlotfeldt,* 123 F. 2d 109 (7th Cir. 1941);[14] *Gammill* v. *Federal Land Bank,* 129 F. 2d 501 (7th Cir. 1942);[15] *Plankinton Bldg. Co.* v. *First Mortgage Bondholders' Protective Comm.* 133 F. 2d 900 (7th Cir. 1943);[16] *Business Forms Finishing Serv. Inc.* v. *Carson,* 463 F. 2d 966 (7th Cir. 1971); *Leimer* v. *State Mut. Life Assur. Co.* 107 F. 2d 1003 (8th Cir. 1939); *Tucker Prod. Corp.* v. *Helms,* 171 F. 2d 126 (9th Cir. 1948), cert. den. 336 U. S. 938 (1949); *National Union of Marine Cooks & Stewards* v. *Matson Nav. Co.* 171 F. 2d 179 (9th Cir. 1948); *United States* v. *Krause,* 197 F. 2d 329 (9th Cir. 1952); *Fong* v. *James W. Glover, Ltd.* 197 F. 2d 710 (9th Cir. 1952);[17] *United States* v. *Tamotsu Fujisaki,* 198 F. 2d

---

[14] "Rule 73(g) of the Code of Civil Procedure [the predecessor in relevant part of Fed.R.A.P. 12(*a*)] provides that appeal shall be docketed in the Appellate Court within forty days from the date of notice of the appeal unless the time be extended. The time was not extended in this case. No excusable neglect was shown. In fact, it was admitted by counsel for the Government that the failure was entirely due to his negligence.... The rules of procedure were intended to expedite and simplify the practice and procedure. Ample provision is made in the rules to relieve against hardship and excusable neglect. There is no room for inexcusable neglect and long delay, and where both appear, as in this case, it seems to us a good time to indicate that the rules of this Court and of the Code of Civil Procedure have some meaning and purpose. The motion to dismiss the appeal is granted...." 123 F. 2d at 110, 111.

[15] "While the Rules of Civil Procedure provide that, with the exception of the requirement of timely notice of appeal, none of the steps to secure review of a judgment appealed from are jurisdictional ..., it is clear that the rules are expected to be followed, and that unless reasons satisfactory to the court are advanced as a basis for special relief from their provisions, it will take such action as it deems appropriate. ... We do not find the reasons set forth by the appellant sufficiently persuasive to justify relaxation ... [of the forty-day requirement for docketing the appeal]. Motion for leave to docket appeal denied." 129 F. 2d at 502.

[16] "True it is, the mandatory requirement of Rule 73(g) [i.e., the forty-day requirement] is alleviated in its rigidity by ... [Fed.R.Civ.P. 73(*a*)] which renders the failure to comply with subsection (*g*) nonjurisdictional ...; nevertheless, it is clear that the rules are expected to be followed.... Under the circumstances here appearing, we see no reason for denying appellee's motion [to dismiss the appeal]." 133 F. 2d at 901.

[17] "No valid excuse for the failure [to cause the record on appeal to be filed and the appeal to be docketed within the forty-day period pre-

747 (9th Cir. 1952); *United States* v. *Lathrop*, 199 F. 2d 954 (9th Cir. 1952); *Brennan* v. *United States Gypsum Co.* 330 F. 2d 728 (10th Cir. 1964); *Maghan* v. *Young*, 154 F. 2d 13 (D.C. Cir. 1946);[18] *Citizens Protective League* v. *Clark*, 178 F. 2d 703 (D.C. Cir. 1949). Dismissal of the appeal is not dependent upon a showing that the appellee has been prejudiced by the appellant's failure to comply with the rules;[19] however, a showing by the appellant that the appellee has suffered no prejudice is a factor which a Court of Appeals may, in the exercise of its discretion, take into consideration in deciding whether to allow an

---

scribed by Fed.R.Civ.P. 73(*g*), or to seek an extension of the 40 day period] is shown. The failure does not affect the validity of the appeal, but . . . is ground for such action as we deem appropriate, which may include dismissal of the appeal [Fed.R.Civ.P. 73(*a*), identical in relevant part to Fed.R.A.P. 3(*a*)]. The action we deem appropriate is dismissal of the appeal." 197 F. 2d at 712.

[18] "The explanation of appellant's neglect [to cause the record on appeal to be filed within the forty-day period prescribed by Fed.R.Civ.P. 73(*g*)] is that appellant's counsel was professionally engaged in attending to other matters. We think this is not an adequate reason to justify our exercise of discretion. Shortly after the adoption of the new Rules we did grant relief in a somewhat similar case, on the ground that the Rules were new and that it was unlikely counsel had sufficiently acquainted themselves with their terms, but we were careful on that occasion to advise the Bar that we intended thereafter to exercise sparingly our discretion to save an appeal prosecuted in disregard of the Rules [*Burke* v. *Canfield,* 111 F. 2d 526 (D.C. Cir. 1940)]. In accordance with that ruling we have since, we think, invariably declined to extend relief, except for convincing reasons, where, as in the case here, appellee after appellant's default has . . . moved to dismiss." 154 F. 2d at 13.

[19] See especially the formulations quoted from *Gilroy* v. *Erie Lackawanna R.R.* at fn. 10, *supra,* and *Maghan* v. *Young,* at fn. 18, *supra,* neither of which mentions prejudice to the appellee as a factor to be considered. The same is true of most of the cases cited in the text: indeed, in *Citizens Protective League* v. *Clark,* 178 F. 2d at 704, the court states: "An agreement with opposing counsel that a case be held in abeyance pending the outcome of another case is not an acceptable reason for failure to comply with the rules of court or, specifically, for failure to move in proper time for extensions of time as provided in such rules." Although one commentator has stated that a Court of Appeals "ordinarily will not . . . [dismiss the appeal] in the absence of prejudice to the appellee," Wright, Federal Courts § 104, at 466 (2d ed. 1970), the reported cases appear to us to offer more impressive support for the contrary.

appeal to proceed in the face of a noncompliance with the rules mitigated by a showing of good cause. *Mikkelson* v. *Young Men's Christian Assn. of Chicago*, 317 F. 2d 78, 81 (7th Cir. 1963).

We turn to the question whether the Massachusetts Rules of Appellate Procedure were meant to incorporate into our practice these three related aspects of Federal appellate procedure: (1) that the appellant has the responsibility for ensuring compliance with time limits for assembly of the record and docketing of the appeal, (2) that his failure to do so does not destroy jurisdiction to hear the appeal, but (3) that such a failure, absent a showing of good cause, will ordinarily result in dismissal of the appeal. Obviously the draftsmen of our appellate rules did not copy the Federal appellate rules for the purpose of establishing a different procedural system; but there are certain aspects in which our rules were modified from the Federal rules, and we must consider the modifications to determine whether the draftsmen intended thereby to vary or impair the applicability of any of the three principles in question.

The most striking change from the Federal procedure was the decision not to have the record on appeal transmitted from the clerk of the trial court to the appellate court, except where transmission should specifically be ordered by the appellate court.[20] The reason for the change, historically, was simply apprehension that the appellate courts' clerks' offices lacked space to accommodate the expected influx of papers; but the manner in which the change was effected is important because of the crucial significance, in Federal appellate procedure, of the date of transmission of the record. (From the filing of his notice of appeal, an appellant in the Federal courts has forty days to cause transmission of the record by the clerk of

---

[20] Mass.R.A.P. 9(*a*), 365 Mass. 851 (1974) ("The record so assembled by the clerk shall be ... retained by said clerk ... until final disposition of the appeal, except as the record or any part of it is ordered to be transmitted by the appellate court or a single justice").

the District Court,[21] unless the time has been extended by order of that court. The duty of the clerk of the Court of Appeals to file the record is contingent on its having been timely transmitted, as well as on timely payment of the docket fee;[22] and a failure by the appellant to have caused timely transmission is expressly made ground for dismissal.[23])

Massachusetts Rule of Appellate Procedure 9 has substituted the concept of assembly of the record for transmission of the record and has invested timely assembly of the record with the same procedural significance in our practice that Federal appellate procedure gives to timely transmission. The forty-day period allowed by Fed.R.A.P. 11(*a*) for transmission of the record is made applicable by Mass.R.A.P. 9(c) to assembly of the record.[24] As in the

---

[21] Fed.R.A.P. 11(*a*), *supra,* at 49.

[22] Fed.R.A.P. 12(*b*): "Upon receipt of the record ... by the clerk of the court of appeals *following timely transmittal,* and after the appeal has been timely docketed, the clerk shall file the record. The clerk shall immediately give notice to all parties of the date on which the record was filed" (emphasis supplied).

[23] Fed.R.A.P. 12(*c*), *supra,* at 49.

[24] Federal Rules of Appellate Procedure 11(*a*) explicitly fixes the forty-day time limit for transmission of the record. The corresponding Massachusetts rule, 9(a), is not explicit in this regard: the direction of its first sentence that "[t]he clerk of the lower court as soon as may be after the filing of the notice of appeal shall ... [assemble the record]" appears to be an adaptation of the first sentence of Fed.R.A.P. 11(*b*), which directs the clerk of the Federal District Court to transmit the record "[w]hen the record is complete for purposes of the appeal." (The second sentences of Mass.R.A.P. 9[a] and Fed.R.A.P. 11[*b*] deal with the same subject matter, namely, the numbering of papers and exhibits.) The forty-day limit appears explicitly, however, in Mass.R.A.P. 9(c) ("... each appellant shall within forty days after filing the notice of appeal take any action necessary, or reasonably requested by the clerk, to enable the clerk of the lower court to assemble the record, and a single record shall be assembled"), which covers the same subject matter as Fed.R.A.P. 11(*a*) ("After filing the notice of appeal the appellant ... shall take any other action necessary to enable the clerk to assemble and transmit the record ... and a single record shall be transmitted within forty days after the filing of the final notice of appeal"). If the forty-day period were read not to apply to assembly of the record, the reference in the final sentence of

Federal practice, where expiration of the forty-day period (or any timely extension thereof) without transmission leaves the District Court without power to permit the appeal to proceed,[25] our rules provide that the expiration of the forty-day period without assembly of the record having taken place leaves the lower court without power to permit the appeal to proceed.[26] A failure to effect timely assembly of the record is made ground for dismissal of the appeal by our rules, just as failure to effect timely transmission is made ground for dismissal by the Federal rules. Mass.R.A.P. 10(c).[27] Fed.R.A.P. 12(c).[28] The end result of the preparation of the record differs, in that in Federal practice the assembled record is transmitted to the appellate court while in our practice only a notice that the record has been assembled is transmitted to the appellate court; but we perceive in our rules no intent to change or to lessen the duty of the appellant.[29] He is as responsible

Mass.R.A.P. 9(e) to "the time otherwise fixed ... [for assembly of the record]" would be meaningless. The same view is implicit in *Gilmore* v. *Gilmore,* 369 Mass. 598, 602 (1976) ("... that the record was not assembled within forty days as required by Mass.R.A.P. 9[c] ..."; "... the failure to assemble the record within the specified time ..."). We therefore hold that the forty-day period specified in Mass.R.A.P. 9(c) is the time limit for assembly of the record, unless the time is extended by judicial order under Mass.R.A.P. 9(e).

[25] Fed.R.A.P. 11(*d*), set out in relevant part in fn. 8, *supra.*

[26] Mass.R.A.P. 9(e), set out in relevant part in fn. 1, *supra.*

[27] Mass.R.A.P. 10(c), as amended effective February 24, 1975, 367 Mass. 919 (1975): *"Dismissal for Failure of Appellant to Initiate Timely Assembly or to Docket Appeal.* If the appellant shall fail either to comply with the requirements of Rule 9(c) concerning assembly of the record, or to pay the docket fee if a docket fee is required, any appellee may file a motion with notice in the lower court to dismiss the appeal."

[28] See p. 49, *supra.*

[29] Indeed, retention of the record in the trial court may have had the effect of increasing the burden on an appellant in at least one respect having nothing to do with assembly of the record: the appellant in our practice appears to have a heavier obligation than his Federal counterpart to ensure that he has included in the appendix to his brief all portions of the record upon which his appeal depends (or to follow the alternate procedure set out in Mass.R.A.P. 18[a], 365 Mass. 864 [1974]: "The fact that parts of the record are not included in the appendix shall not prevent the parties or the court from relying on

for causing the clerk to effect timely assembly of the record as an appellant in the Federal courts is to effect timely transmission of the record. For this conclusion we find support in the Reporters' Notes to Mass.R.A.P. 9, appearing in Mass. Ann. Laws, Rules of Civil and Appellate Procedure 540 (1974): "The appellant must take whatever action is necessary to assure assembly; failure to do so jeopardizes the appeal, see ... [Mass.R.A.P.] 10(c)."

A second clearly intentional modification made by the draftsmen of the Massachusetts appellate rules relates to the time for docketing the appeal. Under Federal practice, the appellant must docket the appeal (i.e., pay the docket fee to the clerk of the Court of Appeals, or, in the case of one authorized to prosecute an appeal without payment of the docket fee, ask the clerk to docket the appeal after making the nature of the authorization known to him) within the forty-day period for transmission of the record. Fed.R.A.P. 12(*a*) (see fn. 6, *supra*). In our practice the appellant is given ten days to docket his appeal from the time he receives notice from the clerk of the trial court that the record has been assembled.[30] Although this may

such parts; provided, that the court may decline to permit the parties to refer to portions of the record omitted from the appendix, *unless leave be granted prior to argument"* [emphasis supplied]). See *Slater* v. *Burnham Corp.* 4 Mass. App. Ct. 791 (1976); *Storer* v. *Anderson,* 4 Mass. App. Ct. 809 (1976); *Haddad* v. *Board of Appeals of Medford,* 4 Mass. App. Ct. 843 (1976). The significance of this difference between our rules and the Federal rules was first observed and explained in Mullen, Massachusetts Rules of Appellate Procedure, 59 Mass. L.Q. 163, 168 (1974).

[30] Mass.R.A.P. 10(a). It may be asked why, if we are correct in concluding that the appellant is responsible for causing the clerk to assemble the record within the forty-day period, the appellant should have to be given notice of such assembly. The answer, of course, is that the clerk of the trial court is directed by Mass.R.A.P. 9(a) to assemble the record "as soon as may be after the filing of the notice of appeal," and may in fact do so early in the forty-day period without prompting by or the knowledge of the appellant. As early assembly of the record shortens the time for the appellant to docket the appeal, notice to the appellant serves a necessary purpose. There is no comparable necessity under the Federal appellate rules, which base the time for docketing on the date of the notice of appeal and not on the date of transmission of the record.

have the effect of increasing the time between the filing of the notice of appeal and the docketing of the appeal in a case where assembly of the record occurs near the end of the forty-day period (or, where that period is extended, near the end of the extension), we perceive no intention on the part of the draftsmen of our rules to detract from the significance of timely docketing. Mass.R.A.P. 10(a) follows Fed.R.A.P. 12(a) in forbidding late docketing except by order of the appellate court made upon motion for cause shown; and Mass.R.A.P. 10(c) (supra, fn. 27) equates a failure to docket with a failure to assemble the record as grounds for dismissal of an appeal.

A third striking change in the Massachusetts appellate rules governing assembly of the record and docketing of the appeal is that a motion to dismiss the appeal on account of a failure by the appellant to comply with the rules governing assembly and docketing may be brought in the trial court (Mass.R.A.P. 10[c], set out supra, fn. 27), while the comparable motion in Federal practice may only be filed in the Court of Appeals (Fed.R.A.P. 12[c], set out supra, p. 49). No corresponding change was made in Mass.R.A.P. 9(e), which, like its Federal counterpart (Fed.R.A.P. 11[d]),[31] confines the trial court's power to extend the time for assembly (Massachusetts) or transmission (Federal) of the record to action on requests made within the original forty-day period prescribed therefor or within an extension of time previously granted. The result is that after the expiration of the original period and any timely extension thereof, a Federal District Court is without power either to dismiss the appeal or to permit it to proceed, the decision on which action to take being lodged exclusively in the Court of Appeals; by contrast, Massachusetts practice lodges in the trial court power to dismiss the appeal but no power to permit it to proceed late, the latter power being exclusively in the appellate courts.[32]

---

[31] See fn. 1 and fn. 8, supra.

[32] A motion for dismissal may be heard in an appellate court; such a motion, however, may not be allowed by a single justice, but only

It is obvious that after the expiration of the time for assembly of the record and any seasonable extension thereof, a motion to dismiss the appeal and a motion to permit it to proceed by enlarging time present precisely the same question for decision. We do not think that the draftsmen of the Massachusetts rules are to be understood as having intended simply to bifurcate responsibility for deciding that question. Rather, we think that their intention was clearly to relieve appellate courts of the primary responsibility for deciding that question, recognizing that the simplicity of taking appeals under the new rules might proliferate their numbers and overburden appellate courts[33] and that the trial court is in a better position in the first instance to evaluate whether the failure to comply with the appellate timetable was justified and whether the appeal presents an issue of merit. Experience in our single justice session has shown that some trial judges postpone action on motions to dismiss appeals pending the filing by the appellant of a motion in this court to enlarge time or pending decision by this court on such a motion. We think the better practice, and the one suggested by the rules, is that this court should normally defer taking action on such a motion pending action by the trial court on a motion to dismiss, if one has been filed, and, in the event that such a motion is denied, then taking up the question whether, in our view, an enlargement is warranted, giving due, but not decisive weight, to the view of the trial judge. And, reverting to our starting point, we see nothing in Mass.R.A.P. 10(c) and the change it effects from the Federal procedure which suggests that the consequence of a failure by an appellant to follow the timetable for assembly of the record or docketing of the appeal was meant to be less serious than the consequence of a corresponding

---

by a quorum of the full court. Mass.R.A.P. 15(c), 365 Mass. 860 (1974).

[33] Gross entries in the Appeals Court rose from 439 in the last court year under the old rules (1973-1974) to 875 in the first court year under the new rules (1974-1975). See Nineteenth Annual Report of the Executive Secretary to the Justices of the Supreme Judicial Court at 3, 30 (1975).

failure under Federal practice. The contrary inference would be more tenable.

We summarize the conclusions we have drawn from an examination of our rules relative to assembly of the record and the docketing of the appeal and of practice under the Federal rules on which our rules are based. First, Mass.R.A.P. 9(c) imposes on an appellant the obligation to cause the clerk of the trial court to assemble the record on appeal within forty days of the date of filing the appeal or any extension of that period seasonably requested and granted under Rule 9(e). Second, if for any reason it appears that the record will not be assembled within the time allowed, it is the appellant's obligation to file his request for an extension in the trial court before the time expires. Third, a request for an extension or enlargement of time should be made in the trial court as soon as the need, or the possibility thereof, becomes apparent.[34] Fourth, a failure by an appellant to cause the record to be assembled or the appeal to be docketed within the time prescribed by the rules, although not rising to the level of a jurisdictional defect, is nevertheless a "serious misstep", not a "relatively innocuous one", in the categorization of *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. at 79. Fifth, the usual consequence of a failure by an appellant to cause the record to be assembled or an appeal to be docketed within the times provided therefor or seasonably to request an extension of time for doing so will be dismissal of the appeal except where the court to which the question is addressed determines, in its discretion, that sufficient showings have been made of (a) good cause for the failure and (b) the existence (as discussed

---

[34] See *Gilroy* v. *Erie Lackawanna R.R.* 421 F. 2d at 1323 ("unless such application for extended time is made so that it may be considered before the allotted time has expired ..., failing extraordinary circumstances, it constitutes neglect which will not be excused"); *Weinberger* v. *Group*, 339 F. 2d 34, 35 (1st Cir. 1964) ("The normal time for requesting an extension is when the need first arises, not when it is already too late. Naturally there is always 'need' when the time has expired. The issue is good cause, and cause which has resulted from a party's own lack of diligence is not good cause").

hereinafter) of a meritorious appeal. Sixth, this court, in considering an appellant's motion for late assembly or late docketing made after the time for assembly or docketing has passed, may be expected in the usual case to defer to the judgment of the lower court where that court has been asked to rule on a motion to dismiss the appeal (subject, of course, to appellate review in which the test is whether the trial judge abused his discretion; see *Winter* v. *Crowley,* 374 F. 2d 317, 319 [D.C. Cir. 1967]). Seventh, after the times prescribed by the appellate rules for assembly of the record or the docketing of the appeal (or any extensions thereof) have expired, the trial court is without power to permit those acts to be performed; thereafter, only an appellate court or a single justice thereof may authorize those acts to be performed out of time.

The principles just stated are determinative of the issues raised in the cases before us. Considering first the questions reported by the single justice in Maplewood Yarn Mills, Inc. *vs.* Richard Levin & others (see fn. 4, *supra*), it is obvious that if a judge of the trial court may not authorize assembly of the record after the expiration of forty days from the taking of the appeal the clerk of that court may not do so. The clerk should receive and docket the receipt of the transcript if it is offered for filing after the expiration of the allotted time, in the event that a motion for late assembly should be allowed, and in order that it may be considered by the trial court in its consideration of a motion to dismiss the appeal or by this court in its consideration of a motion for late assembly; but the clerk may not proceed to issue notice of assembly of the record after the expiration of the time authorized in Mass.R.A.P. 9(c) or any extensions thereof unless an appellate court so orders. The answer to the third question is equally clear: a motion for late assembly of the record should not be allowed in the absence of a showing that the appeal presents a meritorious issue. We held in *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 (1975), that such a showing should be made in support of a motion for leave to file an appeal late (Mass.

R.A.P. 14[b], 365 Mass. 859 [1974]) or to allow it to be docketed out of time (Mass.R.A.P. 10[a]) except where the failure is due to lack of notice[35] — a factor not applicable to motions for late assembly. There appears to be no reason not to require a similar showing in support of motions of the latter type. "[I]t would be an abuse of our discretion to entertain the appeal, notwithstanding the appellant's dilitoriness, only to hold it completely without merit." *Lewis* v. *Carver*, 223 F. 2d 867 (5th Cir.), cert. den. 350 U. S. 883 (1955).

In Westinghouse Electric Supply Co. *vs.* The Healy Corporation it is manifest that the single justice, having earlier saved the appellant from the consequences of his failure to cause timely assembly, was not required to find that there was good cause for the appellant's failure to docket the appeal on time. As the single justice pointed out, even if the rules meant what the appellant's counsel said he understood them to mean, he still would have been in violation of other appellate rules. The appellant is mistaken in its belief that it is entitled to have its appeal heard as of right so long as its appeal presents a meritorious issue — a question which we, like the single justice, find it unnecessary to pass upon. Rather, we believe the proper perspective to be that rules are meant to be followed, that appellants who fail to comply with the rules relative to assembly of the record and the docketing of the appeal will usually have their appeals dismissed, and that it is the exceptional case in which an appeal will be allowed to proceed late in the face of a failure to cause assembly or docketing within the prescribed times. No abuse of discretion is shown in the denial by the single justice of the motion for late docketing.

The conclusions we reach are not inconsistent with those expressed in *Gilmore* v. *Gilmore*, 369 Mass. 598, 602-603 (1976). In that case a probate judge had denied a motion

---

[35] Other factors involving no neglect whatever by the appellant, such as illness, accident or severe storm, may similarly warrant our waiving of a showing of meritoriousness if the appellant acts promptly to bring the matter to the attention of the court.

to dismiss an appeal for late assembly,[36] and the Supreme Judicial Court refused to reverse that ruling on appeal. We think that the relevant portion of the court's opinion is to be interpreted as a discussion of the factors that the probate judge might reasonably have considered in arriving at his decision not to dismiss the appeal. We do not read the case as having held that the appellant is not responsible under Rule 9(c) for causing the record to be assembled within the time prescribed by the rules. As the appellate briefs show, no argument to that effect was addressed to the court. Nor do we read the *Gilmore* case to hold that a dismissal will be reversed unless the record shows that the delay in the filing of the transcript resulted from an affirmative act of neglect by the appellant. Rather, we read the case as having held that, in the absence of such an affirmative showing in the record, an appellate court is not likely to disturb a refusal by the trial court to dismiss an appeal.[37] This reading is reinforced by the Supreme Judicial Court's frequent insistence that the Massachusetts rules of civil and appellate procedure be interpreted and administered in conformity with the Federal rules from which they were taken. *Giacobbe* v. *First Coolidge Corp.* 367 Mass. at 315-317. *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. at 468 (1975). *Rollins Environmental Serv. Inc.* v. *Superior Court,* 368

---

[36] This fact, not mentioned in the brief discussion of the point in the opinion, is apparent from the original papers in the case. The appeal had been claimed before July 1, 1974, and was subject to the new rules only because the probate judge had allowed a motion to that effect. 369 Mass. at 601. The forty-day period for assembly of the record (commencing with the date of appeal) had expired long before the allowance of the latter motion, and the appellee had moved in the Probate Court to dismiss for the anomalous reason that assembly did not occur within forty days following the allowance of the appellant's motion.

[37] It should also be noted that the *Gilmore* opinion, while characterizing the appellant's failure to file a timely designation under Rule 1:02(a) of the Supreme Judicial Court, as amended, 353 Mass. 804 (1967), as "relatively innocuous" rather than a "serious misstep" (369 Mass. at 600-601), rather significantly did not treat a delay in assembly of the record in the same manner.

Mass. 174, 179-180 (1975). *Martin* v. *Hall,* 369 Mass. 882, 884 (1976). *McCue* v. *Prudential Ins. Co. of America,* 371 Mass. 659, 663 (1976). In our view, the *Gilmore* case falls squarely within a well recognized principle in the Federal case law, that where an appeal raises a substantial and significant question of law, it lies within the discretion of the appropriate court to permit an appeal to be heard notwithstanding a failure by the appellant to perfect his appeal on time. 9 Moore, Federal Practice par. 211.10[2] (2d ed. 1975). The principle is based on *Ispass* v. *Pyramid Motor Freight Corp.* 152 F. 2d 619, 621 (2d Cir. 1945), affirmed on this point, 330 U. S. at 704-705. See also *Stumpf* v. *Matthews,* 195 F. 2d 25 (D.C. Cir. 1951) ("Under this rule the court has discretion to consider and determine an appeal notwithstanding the failure of counsel for an appellant to comply with procedural requirements for the filing of the record. This discretion should be exercised sparingly. But we think that ... the instant case warrants its exercise in order to avoid denial of consideration of the substantial question involved in the appeal — the appellant's liberty being at stake." 195 F. 2d at 28); *Shannon* v. *United States,* 206 F. 2d 479 (D.C. Cir. 1953) ("[W]e rest our decision not to dismiss this appeal on the substantiality of the question to be presented on the merits." 206 F. 2d at 482); *Gunther* v. *E.I. duPont deNemours & Co.* 255 F. 2d 710 (4th Cir. 1958) ("By reason of this provision [the then counterpart of Mass.R.A.P. 3 (a), second sentence] the Court of Appeals has discretion to consider an appeal even if the appellant has failed to comply with ... [the forty-day transmission requirement]. It is established, however, that the discretion of the court should be exercised sparingly ... and the delinquency of an appellant should not be overlooked unless it is clear that substantial questions on the merits of the appeal are at issue or the failure of the appellant may be attributed to excusable neglect." 255 F. 2d at 715).

A further argument is made by the appellant in the Westinghouse case, that due to the rapid increase in the number of appeals (see fn. 33, *supra*) and the resultant

backlog of cases awaiting hearing in this court, delays in assembly or docketing do not necessarily delay resolution of an appeal and should therefore be excused because they have not prejudiced the appellee. We disagree. When a court is faced with a substantial backlog[38] it should not crowd its docket further by permitting appeals which would be dismissed in normal circumstances. At such a time the court has a responsibility to those who prosecute their appeals according to the rules not to delay hearing and decision in their cases by lightly exercising our discretion to admit appeals of those who have failed to comply with the rules.

In the transitional period following the effective date of the new rules on July 1, 1974, the tendency has been to exercise discretion in favor of excusing noncompliance with the rules, recognizing that a failure to do so could work injustices until the bar should become accustomed to practice under those rules. See, e.g., *Giacobbe* v. *First Coolidge Corp.* 367 Mass. at 314; *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. at 470-471; *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. at 380. A similar grace period extended by the Federal courts is reflected in the passages quoted in fns. 10, 14 and 18, *supra.* We think that the time has come to terminate the probationary period. The "new" rules are not new any longer and counsel should now expect this court to be increasingly reluctant to excuse deviations from the requirements of the rules concerning assembly and docketing. Our statement is based in part on our experience that appeals in which those rules have not been followed consume inordinate amounts of already overtaxed judicial time in the single justice session[39] and upon our observa-

---

[38] As of January 10, 1977, the backlog of appeals which were fully briefed and ready for argument (counting multiple appeals consolidated for briefing and oral argument as one appeal only) numbered 219.

[39] Single justice applications in this court numbered 134 in the court year 1973-1974, 1,294 in the court year 1974-1975, and 2,536 in the court year 1975-1976.

tion that failure to follow the rules is frequently a good indicator either of a half-hearted appeal, apt to be settled before hearing, or of one which presents no substantial issue and is either intended for delay or is the result of counsel's not having taken the time to think the case through. To prolong such appeals through liberal exemptions from the rules is at once unfair to appellees and a burden on the administration of justice.

In Westinghouse Electric Supply Co. *vs.* The Healy Corporation, the order of the single justice is affirmed. In Maplewood Yarn Mills, Inc. *vs.* Richard Levin & others, the case is remanded to the single justice for further proceedings not inconsistent with this opinion.

*So ordered.*