MAURICE CALLAHAN & SONS, INC. *vs.* OUTDOOR
ADVERTISING BOARD & others.[1]

Berkshire. May 3, 1978. — August 8, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Practice, Civil,* Appeal. *Massachusetts Rules of Appellate Procedure,*
Assembly of record.

Rule 9 (c) of the Massachusetts Rules of Appellate Procedure does not
require the assembly of a record within forty days after filing a
notice of appeal but merely requires an appellant to initiate timely
assembly of the record within forty days. [136–137]

CIVIL ACTION commenced in the Superior Court on September 30, 1976.

The case was heard by *Cross,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Mary M. Logalbo* for the plaintiff.

*Laurie Burt,* Assistant Attorney General (*Charles Corkin, II,* Assistant Attorney General, with her) for the defendants.

HENNESSEY, C.J. In its present posture, this case presents only issues of appellate procedure. The plaintiff (Callahan) sought Superior Court review of a decision of the Outdoor Advertising Board (board). See G. L. c. 16, § 13, as appearing in St. 1975, c. 706, § 19. The board had refused to renew three permits for billboards in Williamstown. After a hearing, the judge affirmed the board's decision, and Callahan filed a timely notice of appeal. When more than forty days elapsed without the clerk's

---

[1] The sign commission for the town of Williamstown and the inspector of buildings and sign inspector for the town of Williamstown.

having assembled the record, the board filed a motion in Superior Court to dismiss the appeal. See Mass. R. A. P. 10(c), as amended, 367 Mass. 919 (1975). Thereafter, the clerk assembled the record, issued notice of its assembly, and Callahan docketed the appeal in the Appeals Court. Relying on *Westinghouse Elec. Supply Co.* v. *Healy Corp.*, 5 Mass. App. Ct. 43 (1977), the judge then allowed the motion to dismiss, solely because Callahan had failed to cause the record to be assembled within forty days after filing the notice of appeal. Callahan appealed the dismissal to the Appeals Court, and we granted direct appellate review in that appeal. All proceedings in the first appeal have been stayed in the Appeals Court pending resolution of this appeal. We hold that the judge erred in allowing the motion to dismiss.

Rule 9 (c) of the Massachusetts Rules of Appellate Procedure provides, in part, that "each appellant shall within forty days after filing the notice of appeal take any action necessary, or reasonably requested by the clerk, to enable the clerk of the lower court to assemble the record." Mass. R. A. P. 9 (c), 365 Mass. 851 (1974). Callahan had satisfied this rule. The clerk did not request any action, and it is clear that no further action was necessary. All the items which were eventually included in the record on appeal were on file with the clerk shortly after the forty days began to run. No evidentiary hearing had been held in the Superior Court, and thus there was no transcript to be ordered by Callahan or filed with the clerk.

Unlike the practice in the Federal courts, "our rule does not require the record to be assembled in forty days." *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 274 (1978). See *Gilmore* v. *Gilmore*, 369 Mass. 598 (1976). Our rule requires an appellant to initiate timely assembly of the record, whereas the corresponding Federal rule requires the appellant to cause the record to be assembled in forty days. Compare Mass. R. A. P. 9 (c) with Fed. R.A.P. 11(a). See also Mass. R. A. P. 10 (c); Fed.

R.A.P. 12(c). The delay in this case was in no way attributable to the appellant, and the judge erred[2] in dismissing the appeal.

*Judgment reversed.*

---

[2] It is clear that the judge relied on *Westinghouse Elec. Supply Co.* v. *Healy Corp.,* 5 Mass. App. Ct. 43 (1977), and at the time of his ruling did not have the benefit of the *Hagberg* opinion, *supra,* which had not yet been published.