Dolan, P.J.
This petition to establish a report arises from an action of deceit in which plaintiffs complain that they suffered damages as a result of defendants’ false statements concerning the condition of a septic system and the location of the boundaiy lines on property sold by defendants to plaintiffs. The trial judge allowed *162 both of plaintiffs’ requests for rulings of law,[3] made no special findings of fact, and found for the defendants. Plaintiffs claimed a report and filed a draft report
After a hearing, the trial judge dismissed the report for the reason that he allowed, rather than denied, plaintiffs’ requests for rulings of law, and that the report attempts to raise an issue not raised by a request for a ruling of law made during the course of or at the conclusion of the trial.[4]
In this case, the trial judge and the plaintiffs agree as to the elements of a deceit cause of action. Plaintiffs do not allege that the trial judge was in error in allowing their requests for rulings of law. However, plaintiffs now wish to raise the issue of law as to whether a finding for them was required by the evidence.
In order to preserve their right to such a review, it was essential that they timely present a request for such a ruling. Baker v. Davis, 299 Mass. 345, 348 (1938). There are few propositions of more pervasive precedental impact than the rule which provides that a party may not raise and argue on appeal, as of right, legal issues where no requests for rulings addressing those issues have been filed with the trial court. Chicoine v. Sonneman, 1982 Mass. App. Div. 256, 257. Appellants are mistaken if they believe that they are entitled to have their appeal heard as of right so long as their appeal presents a meritorious issue. Westinghouse Electric Supply Co. v. Healy Corp., 5 Mass. App. Ct. 43, 62 (1977).[5]
Petition Denied.

 The requests were as follows:
1. A defendant is liable for deceit if: a) he misrepresents a material fact and knows of the misrepresentation, b) the plaintiff relied on the misrepresentation to his detriment, and c) the plaintiff was induced by the misrepresentation.
2. A defendant who commits deceit is liable to the plaintiff both for out of pocket expenses and for loss of the benefit of the bargain.

 He also disallowed the report for the reason that the draft report is inaccurate and contains exhibits that are improperly appended to it.

 In any event, we have reviewed the evidence incorporated in the draft report and would not rule that the evidence requires a finding for the plaintiffs.